### ELIZABETH S. WALDROM V. CAROLINE E. ZACHARIE.

(Case No. 507.)

1. ACTION — VENDOR'S LIEN. — The owner of a note secured by a vendor's lien, who obtains a judgment for his debt in a proceeding *in personam*, is not thereby precluded from maintaining a second suit, having for its object the enforcement of the vendor's lien.

2. DISTINGUISHED. — This case distinguished from Wasson *v.* Davis, 34 Tex., 165.

APPEAL from Freestone. Tried below before the Hon. John B. Rector.

*Likens & Stewart*, for appellant.

*Theo. G. Jones*, for appellee.

QUINAN, COMMISSIONER. — This was a suit by Caroline E. Zacharie, executrix of the estate of J. W. Zacharie, deceased, against Elizabeth S. Waldrom, a *feme sole*, to enforce the vendor's lien upon a tract of land.

In September, 1864, appellant purchased from J. W. Zacharie a tract of land, for which she executed her promissory note for $800, and containing a recitation of the fact that the note was given for the consideration of the land purchased.

On the 8th day of March, 1867, J. W. Zacharie recovered judgment *in personam* in the district court of Freestone county against appellant, for the principal and interest of the note, but without seeking or obtaining a decree of foreclosure of the vendor's lien. Upon this judgment no execution issued; J. W. Zacharie died in the meantime; on the 25th day of November his executrix, appellee herein, brought a second suit seeking enforcement of the vendor's lien, which was decreed by the court below in its judgment, as prayed in her petition, from which judgment this appeal is prosecuted.

The sole question, as we conceive, in the record presented for discussion, is, Did Zacharie, the vendor, intend to abandon his lien by failing to ask its enforcement in the first suit, and judgment obtained?

This is the appellant's statement of the case and the point in controversy. There is no other question presented by the record.

We think this question must be answered in the negative. A more correct statement of the question, however, would be, whether the failure to pray a foreclosure of the vendor's lien in the first suit was an abandonment of it?

This very point has been decided in McAlpin v. Burnett, 19 Tex., 499. It is unnecessary further to discuss the question. No controversy is raised about costs.

The case referred to by appellant's counsel, Wasson v. Davis, 34 Tex., 165, presents no analogy to the present case. The question there was, whether the taking of a new note, making no mention of a vendor's lien, in settlement of other notes given for land, on which partial payments had been made, and including also an amount for cattle and provisions, should, under the circumstances attending the transaction, be held to be a waiver of the vendor's lien.

There is no fact in evidence here from which it could be legitimately inferred that the lien was waived. The lien was indicated on the face of the note. And as we have seen, it was not lost simply by a failure to seek its enforcement in the suit upon the note.

We think the judgment ought to be affirmed.

AFFIRMED.

[Opinion delivered March 21, 1881.]