ROBERT C. W. DILLAWAY *vs.* ALFORD BUTLER & another.

Suffolk.    March, 26, 27. — Sept. 10, 1883.    FIELD & DEVENS, JJ., absent.

A bill in equity by a mortgagee of personal property, against the assignee in insolvency of the mortgagor and a prior mortgagee, alleged that the conditions of both mortgages were broken, and that the whole amounts secured by them were due; that the first mortgagee had given notice of his intention to foreclose his mortgage; that the assignee in insolvency had taken possession of the property and refused to deliver it to either mortgagee, and had removed and concealed it so that it could not be discovered by the plaintiff, or delivered by the first mortgagee upon payment; and that the assignee denied the validity of the first mortgage, and claimed that it was void as against him. The bill offered to redeem from the first mortgage, if it was valid, and if, upon payment, the plaintiff could obtain possession of the property; and prayed that it might be determined whether the first mortgage was valid, and, if it was, that the plaintiff might pay the same; and that, upon such payment, or without it if the mortgage should be found invalid, the assignee might be ordered to deliver the property to the plaintiff, or, if he had sold the same, to pay the plaintiff's debt out of the proceeds of such sale. The answer set up, and it appeared in evidence at the hearing, that the assignee had sold the property, and, at the time the bill was brought, had more than sufficient of the proceeds to pay both mortgages. The first mortgage was found to be void against the assignee as a preference, and the plaintiff's mortgage to be valid. *Held,* that the court had jurisdiction of the bill; and that the plaintiff was entitled to a decree, ordering the assignee to pay him the amount of his debt secured by the mortgage.

A., to whom B. was indebted, advised C. to lend money to B. on the security of a mortgage of personal property, and acted as C.'s agent in completing the transaction. With the money thus obtained B. paid A. the debt which he owed him. Both A. and B. acted in fraud of the Gen. Sts. c. 118, §§ 89, 91; but C. had no knowledge of the fraud. *Held,* that the knowledge of A. was not in law imputable to C.

W. ALLEN, J.    This is a bill in equity, brought by a mortgagee of personal property, against the assignee in insolvency of the mortgagor and a prior mortgagee.    It alleges that the conditions of both mortgages are broken, and that the whole amounts secured by them are due; that the first mortgagee has

given notice of his intention to foreclose his mortgage; that the assignee in insolvency of the mortgagor has taken possession of the property, and refuses to deliver it to either of the mortgagees, and has removed and concealed it so that it cannot be discovered by the plaintiff; that the assignee denies the validity of the first mortgage, and claims that it is void against him as assignee. The bill offers to redeem the first mortgage if it is valid, and if, upon payment, the plaintiff can obtain possession of the property, and alleges that the first mortgagee cannot deliver possession of the property upon payment; and prays that it may be determined whether the first mortgage is valid, and, if it is, that the plaintiff may pay the same, and that, upon such payment, or without it if the mortgage should be found invalid, the assignee be ordered to deliver the property to the plaintiff, or, if he has sold the same, to pay the plaintiff's debt out of the proceeds of such sale.

Upon these allegations, the court clearly has jurisdiction, and that jurisdiction is not defeated by the facts set up in the answer, and proved by the evidence, that the assignee had sold the property, and, at the time of the commencement of the suit, held more than sufficient of the proceeds to pay both mortgages. If these facts had been known to the plaintiff, and if, in consequence of them, he could have maintained an action at law against the assignee, it would have been for a different cause of action from that set up in the bill, and could not, without the plaintiff's election, have deprived him of his rights and remedies as mortgagee. Certainly the case of jurisdiction shown by the bill cannot be defeated by the disclosure at the hearing of wrongful acts of one of the defendants, which had exposed him to an action at law.

The assignee in his answer alleges that both mortgages are void as to him, as preferences under the provisions of the insolvent laws. Gen. Sts. c. 118, §§ 89, 91. The case comes to us by appeal from a decree entered by a single justice. Upon examination of the evidence, we think that it sustains the findings of the justice that the first mortgage was void against the assignee as a preference, and that the plaintiff's mortgage is valid. If the mortgagor in that mortgage gave and used it in order to effect a preference, and if the agent of the plaintiff, who procured

the mortgage for him, participated in that purpose, and was himself the creditor who was preferred, yet the evidence shows that the plaintiff himself had no reason to believe that the mortgagor was insolvent, or that the mortgage was in fraud of the insolvent laws, and excludes the inference that his agent communicated his knowledge or belief to the plaintiff. The fraud upon the insolvent law committed by the agent was not a fraud upon a party to the contract, nor one by which the mortgage was procured, but was a fraud by one creditor of the mortgagor upon other creditors; it was in behalf of the agent, and, so far from being in behalf of the principal, it was in effect a fraud upon him. The agent was not a general agent, nor a solicitor nor attorney of record, but was merely an agent to complete the transaction which, under his advice, the plaintiff had himself determined upon. There is no presumption that the agent's knowledge was communicated to his principal, and the evidence shows that in fact it was not. See *Wilde* v. *Gibson*, 1 H. L. Cas. 605; *Cave* v. *Cave*, 15 Ch. D. 639.

As it appears that the assignee has sold the mortgaged property, and has money in his hands of the proceeds of the sale more than sufficient to pay both mortgages, he can be ordered to pay to the plaintiff the amount of his debt secured by the mortgage. *Decree affirmed.*

*R. Stone*, for the assignee.

*G. W. Estabrook*, for the first mortgagee.

*M. Storey*, for the plaintiff.