SANTIAGO INNERARITY & others *vs.* MERCHANTS'
NATIONAL BANK.

Suffolk.   March 11. — May 13, 1885.   W. ALLEN, COLBURN, & HOLMES,
JJ., absent.

A. shipped a cargo of sugar to B., and gave him authority to sell the same. The
   bill of lading recited that the shipment was by order of B., and that the sugar
   was deliverable to his order, and made no mention of any agency.  B. indorsed
   the bill of lading, and delivered it to a bank of which he was a director, and
   pledged the cargo to the bank as security for a loan by the bank to him.  This
   loan was approved by the board of directors, at a meeting at which B. was
   present.  *Held*, that B.'s knowledge of the fraud was not imputable to the
   bank; and that an action by A. against the bank, for the conversion of the
   sugar, could not be maintained.

DEVENS, J.   This is an action of tort, for the conversion of
four hundred and fifty-five hogsheads of sugar, four hundred and
forty-four of which had constituted a part of the cargo of a ves-
sel called the J. H. Lane, and eleven of which had constituted a
part of a cargo of another vessel, called the Unity.   The ques-
tions as to the latter lot will not require separate consideration,
if it shall be determined that, as to the larger lot, the plaintiffs
are not entitled to maintain their action.   The sugar shipped
by the J. H. Lane was, by a bill of lading, consigned to Ben-
jamin Burgess and Sons, and purported to be shipped by their
order.   Burgess and Sons had possession of the bill of lading,
with authority to sell the sugar.   They pledged it, and deliv-
ered the bill of lading thereof to the defendant, for a loan of
$43,000, as hereafter stated, which loan has not been repaid.
The defendant had no actual notice or knowledge that said
sugar was not the property of Burgess and Sons, or that they
were in any respect the agents of other parties.

On March 23, 1883, B. F. Burgess, who was the senior mem-
ber of the firm, and was also a director in the defendant bank,
entered into an agreement with the president of the bank for a
loan of $43,000 on a pledge of the sugar.   The president had
authority, in the intervals of the meetings of the board of di-
rectors, to make such loans, which were afterwards usually,
although not always, laid before the board at its next meeting,
and subjected to its approval.   On March 26, the directors had
a meeting, and this, with other proposed loans, was laid before

them, and approved.  At this meeting Burgess was present, but it did not appear what part he took thereat.  The loan was made, to be secured by the bill of lading of the sugar, which was indorsed to the bank, and the note of Burgess and Sons was given of the date of March 23, the day of the transaction with the president, but the proceeds were not carried to their credit until March 26.

This transfer by Burgess and Sons of the sugar was a fraud upon the plaintiffs; but it is not contended that it in any way failed to convey a full title in pledge to the defendant bank, unless, under the circumstances, the bank is to be charged with the knowledge of Burgess.  The plaintiffs requested the presiding judge to rule that, if Burgess was present as a director when said loan was acted upon by the board of directors, his knowledge of the plaintiffs' title to the sugar, and that the firm of Burgess and Sons had no right to pledge it, was the knowledge of the defendant bank.  This ruling was refused by the presiding judge, who found for the defendant.

While the knowledge of an agent is ordinarily to be imputed to the principal, it would appear now to be well established that there is an exception to the construction or imputation of notice from the agent to the principal in case of such conduct by the agent as raises a clear presumption that he would not communicate the fact in controversy, as where the communication of such a fact would necessarily prevent the consummation of a fraudulent scheme which the agent was engaged in perpetrating. *Kennedy* v. *Green*, 3 Myl. & K. 699.  *Cave* v. *Cave*, 15 Ch. D. 639.  *In re European Bank*, L. R. 5 Ch. 358.  *In re Marseilles Extension Railway*, L. R. 7 Ch. 161.  *Atlantic National Bank* v. *Harris*, 118 Mass. 147.  *Loring* v. *Brodie*, 134 Mass. 453.

One of the most recent cases on this point is *Dillaway* v. *Butler*, 135 Mass. 479.  A., to whom B. was indebted, advised C. to lend money to B. on the security of a mortgage of personal property, and acted as C.'s agent in completing the transaction. With the money thus obtained B. paid A. the debt he owed him.  Both A. and B. acted in fraud of the Gen. Sts. *c.* 118, §§ 89, 91; but C. had no knowledge of the fraud.  It was held that the knowledge of A. was not in law imputable to C., although A. had acted for C. in the negotiation.

But the question in the case at bar is not so much what are the responsibilities of a principal for an agent, as whether Burgess can be considered in any proper sense as an agent for the defendant bank in the transaction of the loan, even if directors are ordinarily to be treated as such. The plaintiffs seek to impute to the corporation knowledge of a fraud, because, in a contract made avowedly not for it, but for himself, and necessarily acting adversely to its interests, a director was aware that he was committing a fraud. This, in effect, is to say that there can be no transaction between a bank and one of its directors in which, so far as the transfer of property is concerned, the bank can be protected, if there is fraud on the part of the director, and that the bank can never discount paper on which one of its directors is a party, and retain the position of an innocent indorsee for value under the law merchant.

A bank or other corporation can act only through agents, and it is generally true that, if a director who has knowledge of the fraud or illegality of the transaction acts for the bank, as in discounting a note, his act is that of the bank, and it is affected by his knowledge. *National Security Bank* v. *Cushman*, 121 Mass. 490. But this principle can have no application where the director of the bank is the party himself contracting with it. In such case the position he assumes conflicts entirely with the idea that he represents the interests of the bank. To hold otherwise might sanction gross frauds, by imputing to the bank a knowledge those properly representing it could not have possessed. Whether Burgess acted or not at the meeting of the directors in the matter of the loan, he could not lawfully have done so as the representative of the bank. His individual interest was distinctly antagonistic; and the question before the board related to its approval of a provisional transaction between himself and the president of the bank, in which he was the proposed borrower and the bank was to be the lender. A director offering a note of which he is the owner for discount, or proposing for a loan of money on collateral security alleged to be his own property, stands as a stranger to it. That a joint-stock bank, says, in substance, Sir W. M. James, should have imputed to it the knowledge which the director has of his own private affairs, is a most unreasonable proposition. *In re Marseilles Extension Railway*, L. R.

7 Ch. 170.   The relation which a director, who is himself acting for another in a negotiation with a bank, occupies towards it, was considered in *Washington Bank* v. *Lewis*, 22 Pick. 24, where it was argued that, although he was not the agent of the bank, yet his knowledge of facts showing the note to be invalid was that of the bank. " Whatever a director or other agent of a bank," say the court, " may do within the scope of his authority, would bind the bank so as to make them responsible to the person dealt with.   But, in the present case, Thompson was the party applying for the discount, and was not acting as director, nor could he with any propriety so act.   He was the party with whom the bank contracted in discounting the note, and to whom the money was paid."

The proposition, that a director of a corporation acting avowedly for himself, or on behalf of another with whom he is interested in any transaction, cannot be treated as the agent of the corporation therein, is well sustained by authority.   *Stratton* v. *Allen*, 1 C. E. Green, 229.   *Barnes* v. *Trenton Gas Light Co.* 12 C. E. Green, 33.   *Hightstown Bank* v. *Christopher*, 11 Vroom, 435.   *Winchester* v. *Baltimore & Susquehanna Railroad*, 4 Md. 231.   *Wickersham* v. *Chicago Zinc Co.* 18 Kansas, 41. *Seneca County Bank* v. *Neass*, 5 Denio, 329, 337.   *Third National Bank* v. *Harrison*, 10 Fed. Rep. 243.   *Stevenson* v. *Bay City*, 26 Mich. 44.   *In re Marseilles Extension Railway*, *ubi supra*.   *In re European Bank*, *ubi supra*.   In some of these cases, weight appears to be given to the fact that the director was not actually present at the meeting when the transaction was concluded; but this cannot be of importance.   If it were shown that Burgess urged the loan upon the board of directors, and actually voted in favor of it, his associates not seeing fit to intervene or object to this conduct, he would still have acted on his own behalf, and of those whose interests and efforts were of necessity adverse to those of the corporation.   To assume that, under such circumstances, the facts he knew were communicated to the directors, and that he laid before them the fraud he was committing in wrongfully pledging property, would be a presumption too violent for belief, and would do great injustice to the remaining directors and the interests they represented.

While the current of authority is in favor of the conclusion we have reached, two cases are much relied on by the plaintiffs which were not overlooked in the opinions delivered in several of the cases cited above, and which have not there commanded approval. These are *United States Bank* v. *Davis*, 2 Hill (N. Y.) 451, and *Union Bank* v. *Campbell*, 4 Humph. 394. In each of these cases it was held that the knowledge of a director of what was held to invalidate a contract was to be imputed to the bank. In neither of these cases was the director whose knowledge was imputed to the bank the adverse contracting party, which would perhaps distinguish them sufficiently from the case at bar. But in each of them the director acted for the person contracting with the bank, and thus secured to himself important advantage; and we are not prepared to assent to the proposition that a director thus acting is competent to affect with his knowledge of fraud the bank whose director he is. His interests and conduct are adverse to it, and his position forbids that he should be treated as its representative.

*Exceptions overruled.*

*E. D. Sohier & F. L. Hayes*, for the plaintiffs.
*S. Bartlett & L. S. Dabney*, for the defendant.