PEOPLE'S SAVINGS BANK OF WEST BAY CITY *v.* HINE.

131  181|
d150   85|

1. BILLS AND NOTES — INDORSEMENT — CORPORATIONS—AUTHORITY
   OF OFFICER—EVIDENCE.
   In an action by a bank on a note made by defendant, payable
   to the order of a corporation, and indorsed in its name by its
   secretary, there was evidence that the note was given in part
   renewal of other paper made and indorsed in like manner;
   that the president of the corporation was also the cashier of the
   bank, who accepted the note; and that the president and sec-
   retary of the corporation, after a consultation of its officers,
   had made another note for matters growing out of the same
   transaction, which had been accepted by defendant. *Held,*
   sufficient to show *prima facie* the secretary's authority to in-
   dorse the note.

2. SAME—BANK CASHIER—NOTICE.
   A bank which discounts a note for a corporation of which its
   cashier is president is not chargeable with the latter's knowl-
   edge of facts invalidating the note in the hands of the corpo-
   ration. *State Sav. Bank* v. *Montgomery,* 126 Mich. 327, fol-
   lowed.

Error to Bay; Shepard, J.  Submitted April 8, 1902.
(Docket No. 22.)   Decided June 24, 1902.

*Assumpsit* by the People's Savings Bank of West Bay
City against Frederica Hine upon a promissory note.
From a judgment for plaintiff on verdict directed by the
court, defendant brings error.   Affirmed.

*John L. Stoddard,* for appellant.

*Pierce & Kinnane,* for appellee.

MONTGOMERY, J.   This is an action upon a promissory
note in the sum of $200, made by the defendant in the
name of Hine & Co., payable to the order of the Valley
Coal Company, indorsed on the back, "Valley Coal Com-
pany, I. J. Hiller, Secretary."   The plaintiff recovered

judgment by direction of the court, and defendant brings error.

Objection was made to the introduction of the note in evidence, upon the ground that the authority of Hiller to make the indorsement had not been proved. The record shows that the note in question was given in part renewal of other paper made by the defendant and indorsed by the secretary, who was also manager; that, when the note in question was made, it replaced in part the former note. The president of the Valley Coal Company was also the cashier of the bank, who accepted the note in question. It also appears that the secretary and president had made another note, accepted by the defendant, and this after a consultation of the officers of the company relative to the transactions between the Valley Coal Company and defendant. We think enough appears, therefore, to show *prima facie* that the authority of the secretary to indorse this paper was recognized by the corporation. See 1 Daniel, Neg. Inst. § 394.

The only other question presented is whether this defendant is in position to assert, as against the bank, equities existing between herself and the Valley Coal Company. The facts are that at the time of the execution of the original note, of which this is in part a renewal, the Valley Coal Company undertook to sell and deliver to defendant 1,333⅓ tons of coal, and two notes were given in payment for the same, and the coal was the only consideration for the paper; and it was expressly agreed that, if the coal company failed to deliver the amount of coal contracted, the defendant should be liable on the paper only for the coal delivered. The company failed to deliver any considerable portion of the coal, so that, as between the defendant and the Valley Coal Company, the equities are with the defendant, and a complete defense exists. The testimony is undisputed, however, that the plaintiff bank discounted the original paper immediately upon its execution, and without notice of any defect in the same, except as hereinafter stated, and that the present paper was given

in renewal of such first note.   The defendant sought to show notice to the bank by showing the fact that the cashier of the bank, Mr. Shaver, was also president of the Valley Coal Company, and that he knew of the contract above referred to, and that, as he discounted the paper, the bank was chargeable with knowledge of the infirmities of the paper.   The record shows without dispute that, when the note was offered for discount by the secretary of the coal company, Mr. Shaver consulted two of the directors, and after consulting them took the paper, and discounted it in the regular course of the banking business. The question whether, under these circumstances, the bank was chargeable with the knowledge of the cashier, who was acting in a dual capacity, has been recently considered by this court in the case of *State Sav. Bank* v. *Montgomery,* 126 Mich. 327 (85 N. W. 879).   The reasoning in that case decides the present.   See, also, *Innerarity* v. *Bank,* 139 Mass. 332 (1 N. E. 282, 52 Am. Rep. 710), and the cases cited in *State Sav. Bank* v. *Montgomery, supra.*

Judgment affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.