ZEIGLER *v.* VALLEY COAL CO.

1. VENDOR AND PURCHASER — VENDOR'S LIEN — BONA FIDE PUR-
CHASERS—GRANTEES WITHOUT WARRANTY.

The grantee in a conveyance containing no covenant of war-
ranty is not a bona fide purchaser, and takes his title subject
to the lien of his grantor's vendor, though the conveyance to
the grantor is not recorded.  Per GRANT, J., McALVAY, C. J.,
and BLAIR and MONTGOMERY, JJ.

2. CORPORATIONS—NOTICE TO AGENT—BONA FIDE PURCHASER.

A corporation cannot claim to be a bona fide purchaser of land,
· as against a lien asserted by a prior vendor, where its trus-
tee, when he took the title, had notice of the vendor's rights.

3. VENDOR AND PURCHASER — VENDOR'S LIEN — FORECLOSURE —
PLEADING—WAIVER OF LIEN.

On a bill to enforce a vendor's lien against a subsequent pur-
chaser, a waiver of the lien must be set up in the answer.

4. SAME—WAIVER OF LIEN—ACTION AT LAW.

Where a vendor took promissory notes for the purchase price
of land, he did not waive his right to enforce his lien as ven-
dor against the land in the hands of a subsequent purchaser
by taking judgment against the purchaser on the notes.

5. SAME—BURDEN OF PROOF.

The burden of proving waiver of a vendor's lien is upon the
purchaser, who must establish it by clear and convincing
proof.

Appeal from Bay; Collins, J.   Submitted October 10,
1907.   (Docket No. 15.)   Decided November 5, 1907.

Bill by George Zeigler and Cora Zeigler against the
Valley Coal Company, the Michigan Vitrified Brick Com-
pany, Bernard Voss, and Christina Voss to establish a.
vendor's lien.   From a decree for complainants, defend-
ant Michigan Vitrified Brick Company appeals.   Af-
firmed.

*Fred W. De Foe*, for complainants.

*T. A. E. & J. C. Weadock* (*L. N. Sharpe*, of counsel), for appellant.

Complainants and the defendants Voss on June 11, 1900, executed a lease and contract to the Valley Coal Company by which they sold and transferred to said company "all the fire clay and shale (on the lands described), with the right to remove the said shale," etc., and leased to said company the right to construct and maintain buildings, etc., upon the lands at $15 per acre per annum. This instrument was duly acknowledged, but it seems was not recorded. The consideration was $2,000, for which the company executed four promissory notes of $500 each, payable in one, two, three, and four years.

March 1, 1901, that company executed a mortgage covering all its property, including leases and contracts, to one Henry S. Lewis, as trustee for its creditors. On March 12th of the same year it executed a second mortgage to said trustee for the same purpose. November 23, 1902, Lewis, under the trust power given him by the mortgages, conveyed all the property of said Valley Coal Company to the Dutch Creek Coal Company, a corporation organized by the creditors of the Valley Coal Company; consideration, $16,126.91. At the same time the Valley Coal Company conveyed to the Dutch Creek Coal Company the lease and contract above mentioned.

On December 29, 1903, the Dutch Creek Coal Company sold by contract to one Charles W. Stiver all its assets except bills receivable, book accounts and cash; consideration, $3,000. This deed was duly recorded. On March 30, 1904, Stiver conveyed the property to the defendant the Michigan Vitrified Brick Company, and the deed therefor was duly recorded. The Michigan Vitrified Brick Company was organized in April, 1904. August 8, 1901, Zeigler brought suit against the Valley Coal Company upon the first note and recovered a judgment.

Complainants, the Zeiglers, filed this bill to enforce

their vendor's lien for the purchase price. The defendants Voss refused to join as complainants, and were therefore made defendants. The Zeiglers owned an undivided one-half interest in the lands, and the Vosses the other undivided half. The defendant company alone defended the suit. Issue was duly joined, proofs taken in open court, and decree entered granting complainants the relief prayed.

GRANT, J. (*after stating the facts*). The defendants' counsel concede that the complainants had a vendor's lien and are entitled to foreclose it, unless the defendant Brick Company is the bona fide purchaser, or unless the complainants have waived their lien. These are the sole questions presented by the record.

1. There are two complete answers to the defendants' claim that it is a bona fide purchaser:

(*a*) None of the conveyances in the chain of title from the Valley Coal Company to the defendant Brick Company contained any covenant of warranty. Covenants cannot be implied in conveying real estate. 3 Comp. Laws, § 8959. The conveyances conveyed only the property and interest which the grantors and vendors had in the property conveyed. The clay and shale were real estate, and were so recognized, as the instrument conveying them to the Coal Company was executed with all the solemnity of a deed. The subsequent conveyances were only in effect quitclaim deeds, and conveyed only the interests which the grantors had. The defendants, therefore, were not bona fide purchasers under the frequent decisions of this court. *Peters* v. *Cartier*, 80 Mich. 124; *Messenger* v. *Peter*, 129 Mich. 93, and authorities there cited.

(*b*) There is evidence tending to show that the organizer of the defendant company had knowledge of the complainants' claim. Mr. Stiver, when he purchased the land, had notice. While the defendant company was not organized in fact until after the conveyance to Stiver, yet

he was the agent or trustee for the incorporators of the company, and was acting for them. 2 Cook on Corporations (5th Ed.), § 727, states the rule to be:

"The corporation has notice of facts which came to the knowledge of its officers or agents while engaged in the business of the corporation, provided those facts pertain to that branch of the corporate business over which the particular officer or agent has some control."

See, also, *Simmons Creek Coal Co.* v. *Doran*, 142 U. S. 417.

*People's Sav. Bank* v. *Hine*, 131 Mich. 181, and *State Sav. Bank* v. *Montgomery*, 126 Mich. 327, are not applicable to the facts of this case. In the *Hine Case* the bank discounted a note for a corporation of which its cashier was president. It was held that his knowledge was not the knowledge of the bank. The cashier was acting in a dual capacity.

In the *Montgomery Case* the notes were discounted by the bank for the benefit of its cashier. It was held that the bank was not chargeable with notice of a fraud practiced upon it by its cashier, the principle of agency being inapplicable where the cashier himself is the party in interest.

2. The defendant did not set up in its answer a waiver of the lien. It is therefore not in position to raise the question. 22 Enc. Pl. & Pr. p. 732. Aside from this, the bringing of suit and obtaining judgment thereon are not of themselves a waiver of the lien.

"The predominant authority establishes the rule that he (the lienor) may enforce his lien whether he has proceeded at law and exhausted his remedy there, or has exclusively proceeded in equity." 29 Am. & Eng. Enc. Law (2d Ed.), p. 753.

See, also, *Palmer* v. *Harris*, 100 Ill. 276; *Nutter* v. *Fouch*, 86 Ind. 451; *Dowdy* v. *Blake*, 50 Ark. 205; *Waldrom* v. *Zacharie*, 54 Tex. 503.

Clear and convincing proof is required to show a waiver of the lien, and the onus probandi is upon the purchasers.

22 Enc. Pl. & Pr. p. 734; *Dunton* v. *Outhouse*, 64 Mich. 419. See, also, *Curtis* v. *Clarke*, 113 Mich. 458.

The decree is affirmed, with costs.

McALVAY, C. J., and BLAIR, and MONTGOMERY, JJ., concurred.

CARPENTER, J. I concur on grounds 1 (*b*) and 2.