# ARLINGTON BREWING COMPANY *v.* BLUETHENTHAL & BICKART.

CORPORATIONS; PRINCIPAL AND AGENT; NEGOTIABLE INSTRUMENTS.

Where an officer of a corporation transfers to it a promissory note owned by him, in liquidation of an indebtedness owing by him to the corporation, his knowledge as to a partial failure of consideration for the note is not imputable to the corporation.

No. 2192.   Submitted December 6, 1910.   Decided January 3, 1911.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia on verdict in an action on a promissory note.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal [by the Arlington Brewing Company, Incorporated] from a judgment of the supreme court of the

District of Columbia upon a verdict for the plaintiff, Blue-thenthal & Bickart, Incorporated, appellee here, in an action upon a note for $500 payable to the order of Thomas F. Mc-Nulty, and, before maturity, indorsed by him to the plaintiff for value.

There is practically no dispute as to the facts, and but one question is presented for review. McNulty was the owner of a distillery in Baltimore. He sold his business to the plaintiff corporation, and became one of its vice presidents and its general manager for the District of Columbia. His credits did not pass in said sale, but remained his individual property. Among those credits was a promissory note of Thomas F. Fay for $1,900, secured by deed of trust upon Fay's retail liquor business in this city, which included barroom license and fixtures. After the sale of his business to the plaintiff, McNulty was proceeding to collect payment of said Fay note by foreclosure sale under said deed of trust, when a conference was had between officers of defendant corporation and himself. Fay being also indebted to the defendant and its lien being subordinate to the lien of McNulty, and it being evident that a sale under the first trust would exhaust the security and leave the defendant without any security, it was agreed that one Pach, who was well known to the defendant, should become the purchaser at the trust sale; that McNulty would accept in liquidation of his claim $500 in cash, to be paid by the defendant as Pach had no money; a ninety-day note in the same amount to be made by the defendant, and a $1,200 note to be made by Pach, secured by a first trust on the business. The defendant was to take a second trust to secure Fay's indebtedness to it, which indebtedness Pach was to assume. The defendant contends, and its testimony tended to show, that McNulty promised, in consideration of this arrangement, that he would extend credit to the extent of $500 to Pach, that he might get started in his business, and that the defendant was to extend a like credit. The testimony of the plaintiff tended to show that, after the terms upon which Pach was to purchase the business had been agreed upon, and in-

dependently of that agreement, McNulty suggested the advisability of extending credit to Pach. There was no dispute that McNulty, when he received the note in suit, immediately indorsed it to the plaintiff for value, and without informing plaintiff of the conversation or arrangement as to credit to Pach.

The defendant asked the court to instruct the jury that the plaintiff "was chargeable with knowledge, imputed knowledge, or notice of whatever Mr. McNulty knew" in reference to the consideration for this note. This instruction the court refused to give, but did charge on that branch of the case as follows:

"Now, in this case, the note is not made by Pach, but is made by the Arlington Brewing Company and payable to Mr. McNulty, but he has assigned it to the plaintiff in this case, Bluethenthal & Bickart. Now if Bluethenthal & Bickart knew nothing about the transaction between these parties, and gave the money for it in good faith, before the note matured, and without notice of any impairment of the consideration of that note when they bought it, they are entitled to recover, no matter what was the consideration as between Mr. McNulty and the brewing company, unless you find that McNulty really was, when he took the note, acting for the plaintiff in this case, Bluethenthal & Bickart."

*Mr. Lorenzo A. Bailey* for the appellant.

*Mr. Joseph A. Burkart* and *Mr. J. Altheus Johnson* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

It was not error for the court to refuse to charge as requested. McNulty was not the agent of the plaintiff in obtaining this note, nor was he acting for the plaintiff when he indorsed the note to it. It is apparent, therefore, that the rule that notice to the agent is notice to the principal not only

as to knowledge acquired by the agent in the particular transaction, but to knowledge acquired by him in a prior transaction, and still in his mind at the time of his acting as such agent, if the agent is at liberty to communicate such knowledge to the principal (*Distilled Spirits* [*Harrington* v. *United States*] 11 Wall. 356, 20 L. ed. 167), does not apply in this case. Here McNulty, an officer of the corporation, was dealing with, and not for, his principal, and if there was a failure of consideration for the note which he assigned to the plaintiff, and he concealed that fact from it, or failed to inform it of that fact, his knowledge in such a situation is not imputable to the plaintiff. *Innerarity* v. *Merchants' Nat. Bank,* 139 Mass. 332, 52 Am. Rep. 710, 1 N. E. 282; *Winchester* v. *Baltimore & S. R. Co.* 4 Md. 231. The interests of McNulty, when he indorsed this note to the plaintiff in part liquidation of his indebtedness to it, were antagonistic to its interests. His position as to that transaction was that of a stranger, and knowledge which he possessed, and did not disclose, cannot be imputed to the plaintiff.

The judgment is affirmed, with costs.　　　*Affirmed.*