TITLE BOND & MORTGAGE CO. v. CARPENTER.

1. BILLS AND NOTES—CONSIDERATION—HOLDER IN DUE COURSE.
   Failure of consideration is no defense to an action on a note in the hands of a holder in due course.

2. PRINCIPAL AND AGENT—BILLS AND NOTES—IMPUTING KNOWLEDGE OF AGENT TO PRINCIPAL.
   If the transferrer of a note acted in bad faith toward the true owner, knowledge of that fact by one acting as agent of the purchaser for the purpose of selling its stock may not be imputed to it, where, in the transaction in which the note was transferred, his interest was adverse to that of the purchaser.

3. BILLS AND NOTES—PURCHASER DEEMED HOLDER IN DUE COURSE TO EXTENT OF MONEY PAID BEFORE NOTICE.
   The purchaser of notes who paid therefor partly by issuing its certificates of stock, which it retained as collateral security, and partly in cash, before it learned of any defense to the notes, is at least entitled, under 2 Comp. Laws 1915, § 6095, to be deemed a holder in due course to the extent of the money paid, as against the maker's

---

[1]Bills and Notes, 8 C. J. § 1020; 3 R. C. L. 1023; 1 R. C. L. Supp. 947; 6 R. C. L. Supp. 213; [2]Agency, 2 C. J. § 549; Bills and Notes, 8 C. J. § 735; [3]Id., 8 C. J. § 715.

contention that it had given no value for the notes because it still held the stock.

Error to Barry; McPeek (Russell R.), J.    Submitted April 19, 1927.    (Docket No. 116.)    Decided October 3, 1927.

Assumpsit by the Title Bond & Mortgage Company against Euphemia Carpenter on a promissory note. Judgment for plaintiff *non obstante veredicto.*    Defendant brings error.    Affirmed.

*Philip T. Colgrove,* for appellant.

*M. Thomas Ward,* for appellee.

CLARK, J.    To purchase shares of the capital stock of the People's Coal Mining Company of Albion, Michigan, defendant gave her negotiable promissory note for $1,000.    There is no evidence of fraud relative to the making of the note.    It was received by the company.    Its secretary turned it, with other notes, over to Riley, who, by himself and his paid agent, Maas, transferred defendant's note, before maturity, and other notes, aggregating in all $9,000, to plaintiff, and for which plaintiff paid $3,550 in cash and for which it issued to Riley certificates for shares of its capital stock of the value of $5,000, a total of $8,550.    Riley pledged such stock with plaintiff as collateral security for the payment of the notes.    Gibson, plaintiff's manager, acted for it in this matter. Defendant did not pay her note and plaintiff sued thereon.    Under her plea of general issue, defendant set forth, among other things, that she had received no consideration for the note, which proved to be the fact, and that plaintiff took with notice of her defenses.

At the time of the trial plaintiff still held the stock so pledged and had collected on one of the other notes

the sum of $2,000.   Defendant had verdict, but on decision of a reserved motion the court ordered judgment in the sum of $1,236.25 for plaintiff notwithstanding the verdict.   Defendant brings error.

Defendant's sole defense to the note as against the coal company, as disclosed by the record, was that it had failed to give her any consideration for it.   There is no evidence that plaintiff, before taking the note, had any knowledge or notice of the fact that defendant had received no consideration for the note.   It appears affirmatively that it had no such knowledge and notice.   Failure of consideration is no defense to a note in the hands of a holder in due course.   *Polhemus* v. *Savings Bank,* 27 Mich. 44.

There is disputed evidence that in disposing of the note Maas and Riley were guilty of bad faith toward the coal company, and that the note, although it was negotiable and indorsed, and although it was delivered to Riley by the coal company, was not in fact his property, but belonged to the coal company, and that Maas knew it, and defendant, contending that Maas was plaintiff's agent, insists that plaintiff must be held to have known what Maas knew.

If it be conceded that this defense is open to defendant, it makes no difference.   Norton was plaintiff's secretary.   He was also a broker, and as such he had been duly authorized and licensed to sell plaintiff's capital stock.   He had for sale other stock and securities.   For some time Maas had been in his employ as a stock salesman.   With the exception of some testimony that Maas had said he was plaintiff's agent, all the competent testimony and the documentary evidence are to the effect that Maas was not an agent of plaintiff.

If we ignore the rule that declarations of a person assuming to act for another are not evidence against the supposed principal until the fact of the agency has

been proved by other evidence (*Gutterson* v. *Dilley*, 201 Mich. 579), and if we disregard the fact that Maas, if he were an agent of plaintiff, had nothing to do with the business in which it was engaged, had no duty or responsibility relative to the purchase of commercial paper, and if we pass the rule stated in 2 Cook on Corporations (5th Ed.), § 727, quoted in *Zeigler* v. *Valley Coal Co.*, 150 Mich. 82 (13 Ann. Cas. 90):

"The corporation has notice of facts which came to the knowledge of its officers or agents while engaged in the business of the corporation, provided those facts pertain to that branch of the corporate business over which the particular officer or agent has some control"

(*Shaw* v. *Clark*, 49 Mich. 384 [43 Am. Rep. 474]), still we may dispose of the question on the theory that if it be conceded that Maas was an agent of plaintiff to sell its stock, nevertheless in this matter Maas' interest was adverse to plaintiff; he was Riley's paid agent; he had a personal interest; and, if defendant is right in her contention on the evidence, he with Riley was guilty of bad faith. In these circumstances, and for the grounds stated, Maas' knowledge cannot be imputed to plaintiff. See *State Savings Bank* v. *Montgomery*, 126 Mich. 327, where the question is considered. See, also, *People's Savings Bank* v. *Hine*, 131 Mich. 181; *Brown* v. *Harris*, 139 Mich. 372; 2 C. J. pp. 868, 694.

The court was right in holding that it is established as a matter of law that plaintiff took the note in good faith. But it is said that because plaintiff issued the certificates of stock to Riley, and then held them as collateral security, it did not give value for the note. The question though suggested is not briefed. We need not discuss it, for in any event plaintiff paid out $3,550 in cash before it learned of the defenses here made, and it is at least entitled to be deemed

a holder in due course to that extent (2 Comp. Laws 1915, § 6095). We find no error.

Judgment affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, and WIEST, JJ., concurred. MCDONALD, J., did not sit.