**LAWSON v. ABNEY et al.** (No. 3020.)

Court of Civil Appeals of Texas. Amarillo.
April 25, 1928.

Rehearing Denied May 30, 1928.

**I. Vendor and purchaser ⬉266(8)—Failure to assert vendor's lien, where only personal judgment was sought, was not waiver of right to assert vendor's lien in suit to enforce judgment as lien.**

Failure to assert vendor's lien in suit where only personal judgment was sought against purchaser was not waiver of right to assert vendor's lien in another suit brought to enforce such judgment as lien on land.

**2. Homestead ⬉96—Homestead rights could not be asserted by purchaser as against lien for purchase money.**

Where vendor had not waived vendor's lien as claimed by purchaser, homestead rights could not be asserted by purchaser as against lien for purchase money.

Appeal from District Court, Collingsworth County; Charles Clements, Judge.

Action by I. Lawson against M. E. Abney and others. From the judgment, plaintiff appeals. Reversed and remanded.

R. H. Templeton, of Wellington, for appellant.

R. H. Cocke, of Wellington, for appellees.

RANDOLPH, J. Appellant, Lawson, sold to Mrs. M. E. Abney a quarter of a section of land; the consideration for same, as recited in the deed from Lawson, being $550 cash, the assumption by Mrs. Abney of the sum of $2,500, evidenced by one note of that amount, payable to Walter Darlington, on September 21, 1925, bearing interest at the rate of 6 per cent. per annum, $3,000 evidenced by the transfer of four notes numbered 1, 2, 3, and 4, signed by Ben Corley, and payable to Mrs. Abney, dated October 1, 1924, bearing 8 per cent. interest, and each note being for the sum of $165, less a credit on each of $65, and four notes of the same date, by same party, to the grantee in said deed, Mrs. Abney, each for the sum of $720, and each bearing a credit of $20, and being numbered 1, 2, 3, and 4, and bearing 8 per cent. interest, all being vendor's lien notes on lands in Henderson county, Tex., and the balance of said consideration being evidenced by four vendor's lien notes of even date with said deed, each for the sum of $917.50, executed by Mrs. Abney, payable to the order of appellant, December 1, 1925, 1926, 1927, 1928, respectively, each bearing 8 per cent. interest and containing an accelerating clause in the event of failure to pay any note or interest when due. This deed contained an express vendor's lien against the "above property, premises, and improvements, until the above-described notes, and all interest thereon, are fully paid, according to their face, tenor, and effect."

Upon the maturing of the notes signed by Ben Corley and his failure to pay same, the appellant brought suit in the district court of Henderson county to recover on same and to foreclose the vendor's lien only on the Henderson county land. Mrs. Abney, as indorser of the notes, was made a party to the Henderson county suit. In that suit, judgment was rendered for the appellant in this case against Corley, as maker, and against Mrs. Abney, as indorser; the lien on the Henderson county land being foreclosed. The land was then sold to satisfy such judgment, at which sale it brought only $200, leaving a balance unpaid on said judgment of $3,593.31. Appellant then had execution issued on said Henderson county judgment against Corley, which was returned "no property found"; Corley being insolvent.

Appellant then brought this suit to foreclose upon the notes executed by Mrs. Abney to him and also to foreclose a lien upon the land in Collingsworth county, conveyed by him to Mrs. Abney, which lien was given to secure the payment of such notes executed by Mrs. Abney, as well as the Corley notes; the suit in this case being to enforce the lien upon the Collingsworth county land, also for the balance due upon the Corley notes on the Henderson county judgment, Mrs. Abney and her son, A. L. Abney, being made parties defendant to this said suit.

On trial before the court, without the intervention of a jury, judgment was rendered in favor of appellant and against Mrs. Abney and son upon two of the notes given by her to appellant, which notes aggregated, in said judgment, the sum of $2,398, but sustained the exceptions of the defendants to the allegations in the plaintiff's petition, which declared upon the balance due on the Henderson county judgment. From this judgment, Lawson has appealed.

The trial court rendered this judgment, excluding the sum due on the Henderson county judgment upon two theories: First, because the appellant had waived his lien on the Collingsworth county land when he brought suit in the district court, Henderson county, seeking a foreclosure upon the Corley notes on the Henderson county land, without asserting any lien in that suit upon the Collingsworth county land; second, because of such waiver, that the homestead rights of Mrs. Abney and son had intervened as against the assertion of any rights against the Collingsworth county land.

[1] Both of these holdings were erroneous. It is well settled in Texas that the failure to assert the vendor's lien in a suit, where only a personal judgment is sought against the

vendee, is not a waiver of the right to assert such lien in another suit brought to enforce such judgment as a lien on the land. Johnson v. Administrator of Murphy, 17 Tex. 216; McAlpin v. Burnett, 19 Tex. 497–500; Slaughter v. Owens, 60 Tex. 668; Darrow v. Summerhill, 93 Tex. 92, 53 S. W. 680, 77 Am. St. Rep. 833; Id., 24 Tex. Civ. App. 208, 58 S. W. 158; Wilcox v. National Bank, 93 Tex. 331, 332, 55 S. W. 317; Marshall v. Marshall (Tex. Civ. App.) 42 S. W. 353, 354; Waldrom v. Zacharie, 54 Tex. 503, 504; Ball v. Hill, 48 Tex. 634.

[2] The vendor's lien not having been waived, it naturally follows that the homestead rights asserted by Mrs. Abney and her son, A. L. Abney, could not be effective as against the lien for the purchase money represented by the Corley notes.

The trial court did not attempt to pass upon the other questions involved in the pleading, and there was no evidence introduced upon some of them, and such questions are not presented here, so that we can pass on them. Hence the case will be reversed and remanded. However, by this disposition of the case, we are not committing this court upon the question whether or not the other defenses set out in the answers of defendants present a legal defense. We are only holding that we cannot pass on them in the condition of the record.

Reversed and remanded.