BERBERIAN *v.* GUARANTY TRUST CO. OF DETROIT.

1. VENDOR AND PURCHASER—VENDOR'S LIEN FOR PURCHASE PRICE—
WAIVER.

Vendee in land contract, who made absolute assignment of his
interest therein and accepted note for unpaid balance without
any other security, is entitled to equitable vendor's lien on
premises conveyed, on nonpayment of note; lien not being
waived by acceptance of note.

2. SAME—INTENTION TO ASSERT LIEN IMMATERIAL.

That assignor had no intention of asserting equitable vendor's
lien is no evidence of waiver.

3. SAME — ALLOWANCE · OF NOTE AS CLAIM AGAINST ASSIGNEE'S
ESTATE NOT WAIVER OF LIEN.

Lien was not waived by acceptance of assignee's note and re-
liance on his financial ability to pay; nor was it waived by
securing allowance of note against deceased assignee's estate.

4. SAME—LACHES—EQUITY.

Where assignor's delay in asserting lien was due to his reliance
on promise that note would be paid out of assignee's estate,
administrator's claim that it would be inequitable to enforce
lien because of assignor's laches is without merit, especially
where record shows no intervening interests and no changes
in conditions that would render it inequitable to enforce lien.

Appeal from Wayne; Dehnke (Herman), J., pre-
siding. Submitted October 22, 1931. (Docket No.
171, Calendar No. 36,027.) Decided March 2, 1932.

Bill by Nishan Berberian against Guaranty Trust
Company of Detroit, administrator of the estate of
Mesrob Q. Kurkjian, deceased, to impress a vendor's
lien on an interest in real estate. Decree for plain-
tiff. Defendant appeals. Affirmed.

As to effect of filing claim against estate of deceased purchaser, see
annotation in 35 A. L. R. 933.

*Frederick S. Baker,* for plaintiff.

*Martin, Hunt & Field,* for defendant.

McDonald, J. This is an appeal by the defendant from an adverse decree in a suit to enforce a vendor's lien.

In August, 1924, the plaintiff and Mesrob Q. Kurkjian, since deceased, purchased on land contract certain property in the city of Detroit. They made a down payment of $3,000, leaving an unpaid balance of $10,000. By agreement, the plaintiff was named as vendee in the contract. In January, 1927, the deceased purchased the plaintiff's undivided half interest for $3,000, and assumed the unpaid balance which at the time was $8,062.76. The plaintiff and his wife gave deceased an absolute assignment of the contract. The payment of the consideration to the plaintiff was partly in cash and partly by a note for $2,000 dated January 6, 1927, payable six months after date with interest at six per cent. per annum. The purchaser, Kurkjian, died in February, 1927, and in May the plaintiff presented the note as a claim against his estate. It was allowed, including interest at the sum of $2,010.30, but was not paid. On March 7, 1930, plaintiff filed this bill to establish and enforce an equitable lien on the one-half of the property which he had conveyed to the deceased. The defense was waiver and laches. The court decided the issue in favor of the plaintiff, and entered a decree accordingly. The defendant has appealed.

The right to a vendor's lien is well settled in this State.

"The vendor's lien upon sale of real estate has always been recognized in this State; the earliest reported case being that of *Carroll* v. *VanRensselaer,*

Harr. Ch. 225. The doctrine, generally stated, is that the vendor of land who has taken no security, although he has made an absolute deed and acknowledged the receipt of the purchase price, yet retains an equitable lien for the purchase money, unless there be an express or implied waiver and discharge of it, which will be enforced in equity against the vendee, volunteers, and all others claiming under him with notice." *Dunton* v. *Outhouse,* 64 Mich. 419.

It is the contention of the defendant that the plaintiff waived his lien by accepting a note in part payment of the purchase price, without any intention of asserting a lien if it were not paid; that the purchaser was reputed to be a man of substantial means and that the plaintiff relied on his personal responsibility and did not intend to look to the property for payment.

This contention is without merit. The vendor's intention not to assert the lien is not evidence of waiver. In *Dunton* v. *Outhouse, supra,* the court said:

"The equity arises independent of contract, and it is therefore immaterial that the seller had no intention to reserve such a lien. 2 Sugden, Vendors and Purchasers, 675."

Nor was the lien waived by the acceptance of the purchaser's note and reliance on his financial ability to pay. In 27 R. C. L. p. 576, § 319, it is said:

"The lien is not waived or repelled by the taking of the purchaser's independent obligation or promise to pay the purchase money, such as his note, or even his personal bond, as these are regarded as mere evidence of the indebtedness. And though the vendor may rely in taking such an individual obligation on the solvency and financial ability of the grantee, and may not know that he has any lien upon the land, or

actually rely on any lien, and may not have in contemplation the enforcement of the lien at any time, yet, unless he expressly and consciously waives the lien, he retains it."

It is further contended that there was a waiver when the plaintiff secured an allowance of the note against the estate of the deceased.

In *Zeigler* v. *Valley Coal Co.*, 150 Mich. 82 (13 Ann. Cas. 90), it was held that the bringing of a suit at law and obtaining judgment thereon are not of themselves a waiver of the lien.

And in 27 R. C. L. p. 593, § 341, it is said:

"It is not waived by the presentation of the claim for the purchase money to the personal representative of a deceased purchaser as a general claim against the estate."

Finally, it is urged by the defendant that it would be inequitable to enforce the lien at this time because of the plaintiff's laches.

It was about three years after the commissioners on claims had allowed the note as a claim against the estate that the plaintiff filed this bill. His excuse for not proceeding earlier is that he was promised the note would be paid out of the estate; that he waited in reliance on that promise, but when he learned it would not be paid he proceeded promptly to enforce his lien. In the meantime the administrator had been making payments on the contract and disbursing money for taxes and insurance on the property. The defendant says it was prejudiced by the delay because—

"Had plaintiff asserted his lien within a reasonable time after the death of Kurkjian, the administrator might well have decided not to increase the equity in the property and to disburse out of the

estate's assets moneys for taxes, repairs and up-keep.''

This claim hardly requires comment. In continuing to make payments on the contract and paying the taxes on the property, the defendant was merely paying what it owed. If that was the only effect of the delay, it cannot be held to have affected its interests adversely. The record shows no intervening interests and no change in the conditions that would render it inequitable to enforce the lien. The defense of laches is without merit.

The circuit judge correctly disposed of the case. His decree is affirmed, with costs to the plaintiff.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.