TAPERT *v.* LEHMANN.

1. PRINCIPAL AND AGENT—FRAUD—NOTICE TO AGENT—IMPUTATION
TO PRINCIPAL.
Where agent's interest is adverse to that of principal, knowledge
of fraud on part of agent and not disclosed to principal may
not be imputed to latter.

2. BILLS AND NOTES—NEGOTIABILITY—REFERENCE TO MORTGAGE—
AMOUNT OF MORTGAGE TAX NOT UNCERTAIN.
Reference in note to mortgage requiring mortgagor to pay all
indebtedness that should be levied on account of mortgage
or indebtedness secured thereby did not render note nonnego-
tiable for uncertainty in amount to become due under mort-
gage, since amount of tax was fixed by statute, exempting it
from further taxes (1 Comp. Laws 1929, §§ 3640–3649).

Appeal from Livingston; Collins (Joseph H.), J.
Submitted April 15, 1932. (Docket No. 66, Calendar
No. 36,402.) Decided June 23, 1932. Rehearing de-
nied September 14, 1932.

Bill by Robert T. Tapert against Fred A. Lehmann
and another to foreclose a mortgage. Cross-bill by
defendants to cancel the mortgage. Decree for plain-
tiff. Defendants appeal. Affirmed.

*Wiley, Streeter, Smith &Ford,* for plaintiff.

*Henry B. Graves,* for defendants.

BUTZEL, J. · Robert T. Tapert, plaintiff, the as-
signee of a real estate mortgage, seeks foreclosure
against Fred A. Lehmann and wife, defendants. The
description of the mortgage, together with a state-
ment of the circumstances leading up to and resulting

On negotiability of note as affected by provision in mortgage
securing same for payment of taxes, see annotation in 45 A. L. R.
1074.

in its execution are set forth in *Lane* v. *Wood, ante,* 266. Both cases were heard together, and in the opinion the trial judge decided both cases and decreed foreclosure in the instant one. Defendants claim that plaintiff's assignor was guilty of fraud and that the mortgage should be set aside.

The record leaves no doubt that plaintiff is a *bona fide* purchaser for value, without any notice of infirmities. Where the agent's interest is adverse to that of the principal, knowledge of fraud on the part of an agent and not disclosed to the principal may not be imputed to the latter. *Title Bond & Mortgage Co.* v. *Carpenter,* 240 Mich. 319. Defendants contend, however, that the note and mortgage were non-negotiable because the note contains the following words:

"According to the terms of a certain real estate mortgage of even date herewith, collateral hereto."

The mortgage imposes the obligation upon the mortgagor to pay all taxes and assessments that shall be levied on account of the mortgage or the indebtedness secured thereby. It is claimed that the amount of such taxes is uncertain, and, therefore, the note, on account of its reference to the mortgage, is likewise uncertain in amount. Uncertainty in the amount to become due under the mortgage is the only question we need discuss.

Appellants rely principally on the case of *Brooke* v. *Struthers,* 110 Mich. 562 (35 L. R. A. 536). Since the latter case was decided, however, by Act No. 91, Pub. Acts 1911, the legislature provided for a specific tax of one-half of one per cent. on real estate mortgages in lieu of general tax. This tax must be paid before a mortgage may be recorded. The act expressly provides that upon its payment the mortgage

shall be exempt from further general taxes. 1 Comp. Laws 1929, §§ 3640–3649. This specific tax applies to all general State taxes, including city assessments. *Union Trust Co.* v. *Detroit Common Council,* 170 Mich. 692. We do not believe that there is any force in appellants' contention that the legislature may change the law and again make the amount of the tax uncertain as to a mortgage on which the tax has been paid.

"So far as the power of taxation is concerned, it has been so often decided by the supreme court of the United States, though not without remonstrance on the part of State courts, that an agreement by a State, for a consideration received or supposed to be received, that certain property, rights, or franchises shall be exempt from taxation, or to be taxed only at a certain agreed rate, is a contract protected by the Constitution, that the question can no longer be considered an open one." 1 Cooley's Constitutional Limitations (8th Ed.), p. 571, and cases there cited.

See, also, *McGee* v. *Mathis,* 4 Wall. (71 U. S.) 143; *State of New Jersey* v. *Yard,* 95 U. S. 104; *Farrington* v. *Tennessee,* 95 U. S. 679.

The decree of foreclosure is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.