VALLEY JITNEY JUNGLE CO. *v.* HAMADY.

BILLS AND NOTES—HOLDER IN DUE COURSE—FRAUD—KNOWLEDGE OF
AGENT HAVING ADVERSE INTEREST NOT IMPUTABLE.

    In action on promissory note by transferee of payee, knowledge
of defense of fraud and failure of consideration of officer of
payee, who sometimes acted as attorney for plaintiff, *held*,
not imputable to plaintiff, where said officer's interest in trans-
fer was adverse to that of plaintiff, and therefore latter is
holder in due course.

Appeal from Genesee; Parker (James S.), J.
Submitted June 21, 1933. (Docket No. 111, Calen-
dar No. 37,309.) Decided August 29, 1933.

Assumpsit by Valley Jitney Jungle Company, a
Texas corporation, against Kamol Hamady on a
promissory note. Verdict and judgment for defend-
ant. Plaintiff appeals. Reversed, and judgment
ordered for plaintiff.

*Carton & Gault,* for plaintiff.

*McTaggart & Krapohl,* for defendant.

CLARK, J. Plaintiff, transferee of the payee of a
promissory note, sued thereon. The defense being
fraud and failure of consideration, the question is
of plaintiff's holding in due course. Defendant had
verdict and judgment. Plaintiff has appealed.

    Plaintiff was a holder in due course in the sum of
$1,000 and interest unless the knowledge of fact of
defense of one Brown, an officer of the payee and
sometimes attorney for plaintiff, can be held to be
imputed or chargeable to plaintiff. Even if Brown
were attorney or agent of plaintiff, his interest in

transfer of the note was adverse to interest of plaintiff, and not imputable. The case is ruled by *State Savings Bank of Ionia* v. *Montgomery,* 126 Mich. 327. See *Peoples Savings Bank of West Bay City* v. *Hine,* 131 Mich. 181; *Tapert* v. *Lehmann,* 259 Mich. 447.

Plaintiff was entitled to directed verdict for amount stated.

Reversed, with costs, and remanded for judgment accordingly.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.