PHILIP CRANSTON *vs.* HEALER MOTORS, INC. November 2, 1970. The plaintiff excepted to the action of the trial judge in directing a verdict for the defendant on the plaintiff's opening statement. The declaration alleged a fraudulent representation to the plaintiff by the defendant or its agents that a certain automobile was owned "by one John Doe," as a result of which the plaintiff was induced to purchase the car from John Doe when the defendant or its agents knew the car was not owned by John Doe and had been stolen. The plaintiff's opening statement demonstrated an intention to prove that the defendant's salesman told the plaintiff, who sought to buy a used car, that he was about to sell an Oldsmobile to one Wells, who was prepared to trade in a 1960 Pontiac; that the plaintiff and the salesman went to Wells's home; and that the plaintiff and Wells exchanged cars and license plates there. The opening statement also alleged that the plaintiff paid the salesman $600 and returned home with the Pontiac, whereupon he was informed by police that the Pontiac had been stolen and surrendered the car. There was no error in directing a verdict for the defendant. While in cases involving close questions we have indicated that "the safer course is to hear the evidence" (*Douglas* v. *Whittaker*, 324 Mass. 398, 400), the defendant is not nevertheless answerable as principal for the acts of the salesman in negotiating a transaction between the plaintiff and a third party. The salesman's authority extended only to sales made in the usual course of business, which would not include an exchange of two cars not owned by the defendant on premises unconnected with the defendant. *Upton* v. *Suffolk County Mills*, 11 Cush. 586, 589. See *Sears* v. *Corr Mfg. Co.* 242 Mass. 395, 400; *Braden* v. *Trustees of Phillips Academy*, 321 Mass. 53, 55. Nor can whatever knowledge the salesman had as to the origin of the Pontiac be imputed to the defendant in these circumstances. *Innerarity* v. *Merchants' Natl. Bank*, 139 Mass. 332, 333.

*Exceptions overruled.*

The case was submitted on briefs.
*David B. Gardner* for the plaintiff.
*Earle S. Tyler* for the defendant.