SIX LITTLE TAILORS, INC. *vs.* OLD SOUTH TRUST COMPANY.

Suffolk. December 2, 1926. — May 23, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Agency,* Scope of authority, Ratification. *Corporation,* Officers and agents. *Trust Company. Contract,* What constitutes, Performance and breach.

At the trial of an action by a corporation against a trust company for money lent, there was evidence that, upon the resumption of business by the defendant after its property and business had been in the possession of the commissioner of banks for about seven months, the president of the defendant invited the directors of the trust company and other guests to a banquet, which the president of the plaintiff, a depositor in the trust company, attended and at which the trust company's president stated to the guests that business could not continue because of an objection by the commissioner unless a condition imposed by the commissioner as to a payment of interest were met, and asked for contributions to help out the situation, stating, as to repayment of the con-

tributions, "that if we ever got into position that we could repay them, we would, just as soon as we could." The plaintiff gave a check payable to the defendant, which was returned to him marked "paid." The fund thus collected was placed in the name of a trustee, and later the plaintiff received a letter from that individual, who had become president of the trust company, signed by him as president, returning a portion of the amount that the plaintiff had paid and stating that it was "being paid to you as part of the loan made by you." *Held*, that

(1) There was evidence that the money was borrowed of the plaintiff by an officer of the defendant with power to do so; and that by receiving and using the money the defendant had ratified the acts of its president;

(2) The questions, whether the promise to repay was conditional upon ability of the defendant to meet its obligations, and, if so, whether the defendant had become so able, also were for the jury.

CONTRACT. Writ dated December 1, 1925.

In the Superior Court, the action was tried before *Flynn*, J. Material evidence is stated in the opinion. At the close of the evidence, the judge denied a motion by the plaintiff for a verdict in its favor and allowed a motion by the defendant for a verdict in its favor. The plaintiff alleged exceptions.

*N. Barnett*, for the plaintiff.

*S. L. Bailen*, for the defendant.

BRALEY, J. This is an action of contract in two counts, both for the same cause of action, to recover for money lent or for money had and received. The answer is a general denial and no question is raised as to the legality of the contract. At the close of the evidence, each party moved for a directed verdict. The defendant's motion having been granted, the case is here on the plaintiff's exception.

John R. McVey testified that he was president of the defendant trust company from the time of its organization to November, 1920; that the commissioner of banks, at his request, suspended the transaction of business of the defendant in December of 1919, and on July 10, 1920, relinquished possession and business was resumed; that subsequent to the last named date, after an interview with the commissioner at which the general situation of the trust company, apparently, was considered, and at his own expense, he invited the directors of the company to attend a banquet at which its treasurer and the treasurer of the plaintiff, together with a number of other guests, were

present; that he then informed them that while the bank had reopened, "a situation had arisen which might preclude our going ahead in that the bank commissioner did not want to allow us to pay interest on savings deposits unless we had earned them during these three months prior to their declaration; that he thought we ought to pay six per cent on our deposits during the period that we were closed, . . . that it was useless to try to go ahead because nobody wanted to keep money there for a year or over without getting an adequate return on it; and I asked these people that were present, depositors and friends and directors, to contribute whatever they felt they could afford, to help me in that situation; and I told them that if we ever got into position that we could repay them, we would, just as soon as we could." And the plaintiff's treasurer also testified, that the president "asked if the depositors wouldn't loan the bank as much as they could possibly spare to help them out of their difficulty." The plaintiff was a depositor in the commercial department and, on September 23, 1920, its treasurer, in response to this appeal for assistance, gave a check for $1,000, drawn on and payable to the defendant, which, when returned, was marked "PAID" in perforated letters, and the amount was deducted from the deposit account of the plaintiff in the commercial department of the defendant. The evidence also shows that approximately $20,000 was thus obtained which was deposited in the name of "Andrew J. Casey, Trustee." The treasurer of the plaintiff also testified that he received a letter dated March 4, 1921, as follows: "Enclosed please find check which is your pro-rata share of $5500.00 held in my name as trustee, being paid to you as part of the loan made by you at Young's Hotel on September 23, 1920," which was signed "Andrew J. Casey President," — the successor of McVey — and the plaintiff credited the amount on its books. The defendant's by-laws provide that the president "shall be charged with the general oversight, care and management of all property and business of the company . . . subject always to the control of the finance committee and the board of directors." But the plaintiff, who had no knowledge of these limitations,

was not bound by them.   The ostensible powers of McVey in his dealings with the plaintiff, were his real powers. *Wasserman* v. *Cosmopolitan Trust Co.* 252 Mass. 253, 256. The jury also could have found that by receiving and using the money the trust company had ratified the acts of McVey in obtaining the loan.    *Narragansett Bank* v. *Atlantic Silk Co.* 3 Met. 282.

Although at the meeting the president said that when the defendant was able to go on as a banking institution without further use of the fund, voluntarily furnished by the plaintiff and other contributors, the loans would be repaid, and although evidence was introduced properly to show that the company went into liquidation in February, 1921, under an agreement with the International Trust Company whereby the latter undertook to pay to the depositors of the defendant a sum amounting to $1,600,000 and to reimburse itself from the assets it received — which proved to be insufficient in the amount of approximately $90,000 — and that during the period from the date the check was given to the time of liquidation the defendant was unable to make repayment as promised, the evidence of McVey was for the jury who could accept or reject it in whole or in part, as well as the testimony relating to the subsequent financial condition of the company.   If the jury found that the promise of repayment was without condition, the plaintiff was entitled to recover.   But if they found that the promise was made conditional and in accordance therewith the loan in question was made, and that the company had never been able to meet its obligations to the depositors, the plaintiff cannot prevail.

It follows that, the plaintiff having been entitled to go to the jury on the first count for money lent, the verdict for the defendant was ordered wrongly.

*Exceptions   sustained.*