CAMBRIDGEPORT SAVINGS BANK *vs.* CITY OF BOSTON.

Suffolk.    March 1, 1937. — May 25, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Municipal Corporations,* Waterworks. *Payment. Volunteer. Pleading, Civil,* Declaration. *Agency,* Ratification.

A mortgagee of real estate, in possession under an entry made after a former occupant had incurred charges for water furnished by the municipality, for which the municipality had no lien, was entitled to recover from the municipality the amount of such charges paid by him upon being unlawfully required to do so as a condition precedent to water being furnished him.

Averments in a declaration in an action to recover money wrongfully exacted by a municipality as a condition of the furnishing to the plaintiff of water to which he was entitled, in the absence of a demand for further particulars, were sufficient to raise issues passed on by the trial court.

A city cashing a check having on its face a statement that it was given under protest received the money subject to the protest regardless of the authority of the agent who took the check.

CONTRACT. Writ in the Municipal Court of the City of Boston dated November 21, 1934.

The action was heard by *Dowd,* J. There was a finding for the plaintiff in the sum of $1,005.41 and interest. A report to the Appellate Division was ordered dismissed. The defendant appealed.

*I. H. Fox,* Assistant Corporation Counsel, for the defendant.

*O. K. Nellson,* for the plaintiff.

PIERCE, J. This is an appeal from the dismissal by the Appellate Division of a report of the denial of the defendant's requests for rulings, and of a finding for the plaintiff. The action was in contract for the recovery of $1,005.41 with

interest from April 26, 1933, which principal amount the plaintiff alleges it has paid the defendant under legal duress.

At some time prior to April 26, 1933, the water supply to premises at 61–67 and 71–77 Brighton Avenue, Boston, had been shut off by the defendant because of the non-payment of water charges contracted for by an owner or tenant other than the plaintiff. On April 25, 1933, the plaintiff entered to foreclose a mortgage held by it on said premises. There was evidence that on April 26, 1933, an agent of the plaintiff went to the department of the defendant where bills were paid, and told a man named McMorrow that he "had a check which he wanted to pay under protest for water which had been turned off"; that McMorrow said the matter had been brought to his attention that day, and unless "the check" was paid the water would not be turned on; and that the agent "paid the check" at that time under protest. The check, a copy of which is appended to the report, is drawn in the name of the plaintiff, payable to the defendant, and recites on its face, "Water Bills at 61–77 Brighton Ave Paid under protest." On the reverse side appear the words, among others, "Wm M. McMorrow City Collector." It appeared that the check was cashed by the defendant. The plaintiff introduced its mortgage deed, affidavit of entry to foreclose, and its foreclosure deed, copies of which are annexed to the report. The foregoing is stated to be all the material evidence.

The trial judge found that at the time of the payment the plaintiff was a mortgagee in possession of the premises above mentioned; that on April 26, 1933, it applied to the water department of the city of Boston to turn on the water supply; that upon said application the plaintiff was informed by the water department that the water would not be turned on unless the charges, previously contracted for by a prior owner or tenant, were paid; and that the plaintiff paid the amount of such charges under the threat and duress that unless it did so the water would not be turned on. There was no evidence that the defendant had established a lien for water charges upon the property in question. The judge ruled that the plaintiff was a proper

person, within the meaning of the law, to apply for water for said premises, denied all the defendant's requests for rulings, and found generally for the plaintiff in the amount named in the declaration.

The questions argued by the defendant are: (1) that no issues as to whether the plaintiff offered to enter into a contract for the defendant to supply water to it, and whether the defendant refused unless unpaid charges were paid, were raised by the plaintiff's declaration; (2) that findings of the trial court that the plaintiff applied to the defendant to turn on the water, and that the defendant refused to do so unless back charges were paid, were not warranted by the evidence; and (3) that the payment was a voluntary one and was not made under legal duress.

The arguments made here by the defendant under contention (3) were advanced in *B & B Amusement Enterprises, Inc.* v. *Boston, ante,* 307, involving facts similar to those in the case at bar. It was there held that, upon the refusal of the city of Boston to supply certain premises with water unless the owner paid bills charged to a tenant for water previously furnished to the tenant, the owner of premises, who paid the bill, could recover back the money paid upon the grounds that the city had no right to establish such a condition precedent to its supplying water, and that the payment was not voluntary. It is unnecessary, therefore, in the case at bar to give further consideration to the defendant's arguments on that point.

Respecting the defendant's contention that the declaration was insufficient to raise issues passed on by the trial court, the material allegations of the declaration are that the plaintiff made an entry on the premises in question on April 25, 1933, that on April 26, 1933, the defendant made a demand on the plaintiff to pay back charges contracted for by a person other than the plaintiff, that the defendant threatened to shut off the water supply unless payment was made, that the plaintiff protested against the illegality of such a demand, and that the plaintiff, under protest, made the payment to the defendant. The inference from those allegations clearly is that the plaintiff, as mortgagee

in possession, sought to have the water supply continued for its own benefit; that the defendant refused to supply water to the plaintiff unless bills contracted by others were paid; and that the plaintiff, in those circumstances, made the payment under protest in order to obtain a water supply. The defendant, moreover, did not ask for further specifications. It, therefore, should not be allowed to escape liability because the facts were not spelled out with more particularity. Compare *Keith* v. *Radway*, 221 Mass. 515, 517, 518. It follows that the defendant's contention on this point cannot prevail.

The defendant further contends that there was no evidence that the plaintiff sought to contract with the defendant for a supply of water, or that the defendant refused so to supply water unless the plaintiff paid bills contracted by others. The evidence of the negotiations, it is true, is meager, and discloses that the plaintiff's agent told McMorrow that he would give him a check for the back bills, but that it would be under protest; that McMorrow said he knew about the matter, and that the water would not be turned on unless the back bills were paid; and that the check was then given to McMorrow under protest. The copy of the check discloses the plaintiff as the drawer, and on its face recites that it is a payment for water bills under protest. This check was cashed by the defendant. "The general finding for the plaintiff imports the drawing of all rational inferences to support that conclusion permissible on the evidence and a finding of all subsidiary facts conducing to that result of which the testimony is susceptible." *MacDonald* v. *Adamian*, 294 Mass. 187, 190–191. .A fair inference from the above stated evidence was that McMorrow knew that the plaintiff was seeking to get the water turned on for its own benefit, and refused to supply it until the plaintiff paid back bills incurred by others. The check given to McMorrow by the plaintiff's agent showed that the plaintiff itself was paying the money demanded. The form of the check supports the inference that McMorrow knew the true state of affairs, since there is nothing to indicate that he was justified in believing that the plain-

tiff was paying the amount demanded on behalf of those who incurred the bills, in order to have a water supply continued for their benefit, or that there was any reason for the plaintiff to do so.   On the record, therefore, it cannot be said that there was no evidence that the plaintiff asked to have water supplied to it;  and there was evidence that McMorrow refused to supply water until back bills incurred by others had been paid.

The defendant also contends that McMorrow, with whom the plaintiff's agent negotiated, is not shown to have had authority to bind the defendant in any dealings touching a contract for the supply of water, nor to accept the plaintiff's payment under protest.   Whatever McMorrow's authority (and it may be noted in this connection that the copy of the check appended to the report discloses on the reverse side the words "Wm H. McMorrow City Collector"), it appeared that the defendant cashed the check which bore on its face the statement that payment was under protest.   There is no evidence that the defendant notified the plaintiff that it did not receive the money subject to conditions imposed by the plaintiff, or that the defendant sought further information as to why the check was marked as it was.   In such circumstances it could have been found that the defendant, by acceptance of benefits, received the money in the same circumstances and subject to the same conditions as did McMorrow.   Compare *Bearce* v. *Bowker*, 115 Mass. 129, 132;  *Attorney General* v. *Onset Bay Grove Association*, 221 Mass. 342, 348, 349;  *Tremont Trust Co.* v. *Noyes*, 246 Mass. 197, 207;  *Reed* v. *A. E. Little Co.* 256 Mass. 442, 448;  *Six Little Tailors, Inc.* v. *Old South Trust Co.* 260 Mass. 41, 44.   The defendant cannot prevail on this contention.   Nor does it appear that any other errors, sufficiently prejudicial to the defendant's rights as to require that the result below be upset, were committed.

*Order dismissing report affirmed.*