BOSTON FIVE CENTS SAVINGS BANK *vs.* ELVA M. BROOKS.

Suffolk.    January 7, 1941. — May 20, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Bills and Notes,* Validity. *Fraud. Agency,* Double employment, Agent's knowledge. *Evidence,* Of fraud, Relevancy and materiality, Competency. *Estoppel.*

On the issue, whether a real estate mortgage note of a woman to a bank, upon which it brought an action against her, was procured by fraud, evidence was admissible that she had become the straw holder of the real estate at a sale in foreclosure of a mortgage held by the bank upon representations by its attorney, after inquiry by her, in substance that doing so "meant nothing"; that five months later she signed the note in suit and accompanying documents, which she did not read although she had opportunity to do so, relying on representations by the attorney, in response to her then inquiry, that doing so would not put her under any obligations and that, if the real owner was unable to "pay for the property the bank would take the property, and that was all there was to it"; that she did not then learn the real character of such documents and would not have executed them had she not relied on the attorney's statements; and that she never received any benefit from the transaction: although there was no direct representation that the instrument was not a promissory note, findings were warranted that, because of fraud of the bank's attorney, she reasonably understood that what she signed did not contain a promise to pay, and that the note was invalid.

The mere fact, that the maker of a note was led to execute it through fraud of one acting both for the maker and the payee and for the benefit of the payee, did not charge the maker with knowledge of the fraud.

A party to a contract whose agent procured it from the other party through fraudulent misrepresentation could not rely on the contract and at the same time disavow the fraudulent means by which it was procured.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated June 3, 1939.

On removal to the Superior Court, the action was tried before *O'Connell,* J.    The plaintiff requested the following rulings, which were refused:

"5. That as a matter of law all evidence referring to an alleged agreement, made prior to, or simultaneous with, the execution of the note, between the plaintiff and the defend-

ant that she will never be called upon to pay the note referred to in the plaintiff's declaration must be excluded under the parol evidence rule.

"6. That as a matter of law all evidence referring to an alleged agreement, made prior to, or simultaneous with, the execution of the note, between an officer and/or attorney for the plaintiff and the defendant that she will never be called upon to pay the note referred to in the plaintiff's declaration must be excluded under the parol evidence rule."

"9. That as a matter of law even if the evidence should show the existence of an agreement, made prior to, or simultaneous with, the execution of the note, between the plaintiff and the defendant that she will never be called upon to pay the note referred to in the plaintiff's declaration the plaintiff can recover.

"10. That as a matter of law even if the evidence should show the existence of an agreement, made prior to, or simultaneous with, the execution of the note, between an officer and/or attorney for the plaintiff and the defendant that she will never be called upon to pay the note referred to in the plaintiff's declaration the plaintiff can recover.

"11. That as a matter of law even if the evidence should show that the attorney for the plaintiff made an agreement, prior to, or simultaneous with, the execution of the note, to the effect that she will never be called upon to pay the note referred to in the plaintiff's declaration, such agreement was beyond the scope of his authority and the plaintiff can recover."

"16. That upon the evidence the defendant has not sustained her burden of proving such fraud, and the plaintiff can recover.

"17. That as a matter of law even if the evidence should show the existence of an agreement made prior to, or simultaneous with, the execution of the note, between an officer and/or attorney for the plaintiff and the defendant that she will never be called upon to pay the note referred to in the plaintiff's declaration, such agreement does not constitute fraud and the plaintiff can recover."

*H. Alpern,* for the plaintiff.

*L. S. Nicholson,* (*K. W. Brown* with him,) for the defendant.

RONAN, J.   This is an action by the payee against the maker of a promissory note secured by a mortgage upon certain real estate. The defence is that the execution of the note was procured by fraud.   The jury found that the execution and delivery of the note were obtained by false or fraudulent representations concerning the effect and purpose of the note which were made by an attorney, now deceased, while acting as agent of the plaintiff, within the scope of his employment.   The jury returned a verdict for the defendant.   The plaintiff excepted to the admission of evidence, to the denial of its motion for a directed verdict, to the refusal to grant seven requests for instructions, and to portions of the charge.

The correctness of the ruling denying the motion for a directed verdict must be determined by considering the evidence in its aspect most favorable to the defendant. There is no error unless the evidence, as matter of law, is insufficient to warrant a verdict against the party moving for the direction of a verdict.   *Salem Trust Co.* v. *Deery,* 289 Mass. 431.   *Mansfield* v. *Lang,* 293 Mass. 386.   *Western & Atlantic Railroad* v. *Hughes,* 278 U. S. 496.

The jury taking that view of the evidence could find the facts which we now narrate.   The defendant became the straw holder of the title to real estate on July 2, 1925, at the request of one Mrs. Stevens who was the actual owner, through a foreclosure sale by the plaintiff of a mortgage which it then had upon this property.   She attended the foreclosure sale, at the request of Mrs. Stevens, where she met the attorney and asked him if she would get involved by permitting the title to be put in her name.   He told her that taking title as a straw "meant nothing"; that "the bank took care of everything"; and that she "had nothing to do with it except they used . . . [her] name."   This attorney was not only counsel for the bank but he was a member of its board of investment and one of its trustees.

Mrs. Stevens decided in December, 1925, to erect a build-

ing, and plans and specifications were prepared and submitted to the plaintiff for the purpose of securing a new mortgage. The defendant went to the office of the attorney where a promissory note, a mortgage, an application for a mortgage and an agreement relating to the construction of the building were apparently ready for her signature. She asked him if the signing of these papers would put her under any obligations. He said it would not; that she was simply protecting Mrs. Stevens so that if the latter was unable to "pay for the property the bank would take the property, and that was all there was to it." She then signed the papers. She did not read them although she had an opportunity to do so. She did not then learn what she had signed. She would not have executed the papers if she had not relied upon his statements. She afterwards signed an order on the bank to pay the attorney his fee and also an order to pay the architect; she signed two orders for the architect showing that payments were due, an order to the bank to pay money due under the mortgage to Mrs. Stevens, and signed an extension of the mortgage. She testified that she never received any money from the plaintiff or from Mrs. Stevens and that she never received any rent or benefit from the real estate. The bank paid out the full amount of the mortgage.

One party cannot enforce a contract against another whose signature he has procured by fraud or fraudulent representations, which induced the signer reasonably to believe and understand that the instrument was substantially different from what it really was. *Freedley* v. *French*, 154 Mass. 339. *Bliss* v. *New York Central & Hudson River Railroad*, 160 Mass. 447. *Barry* v. *Mutual Life Ins. Co.* 211 Mass. 306. *Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336. *Brown* v. *Grow*, 249 Mass. 495. *Barrett* v. *Conragan*, 302 Mass. 33.

There was no direct representation that the instrument was not a promissory note. Deception need not be direct to come within reach of the law. Declarations and conduct calculated to mislead and which in fact do mislead one who is acting reasonably are enough to constitute fraud. *Trambly*

v. *Ricard,* 130 Mass. 259, 261. *O'Donnell* v. *Clinton,* 145 Mass. 461, 462. *Larsson* v. *Metropolitan Stock Exchange,* 200 Mass. 367, 370. It is enough if the representation of the plaintiff's attorney was reasonably understood as an affirmation that none of the instruments contained a promise to pay. *Burns* v. *Lane,* 138 Mass. 350. *Windram* v. *French,* 151 Mass. 547. *Burns* v. *Dockray,* 156 Mass. 135. *Rollins* v. *Quimby,* 200 Mass. 162. *Kerr* v. *Shurtleff,* 218 Mass. 167. *Hermanson* v. *Seppala,* 255 Mass. 607, 609. *Lyman* v. *Romboli,* 293 Mass. 373.

The parties were not represented otherwise than by a common agent, and if on account of the conduct of the agent one of the parties has been defrauded then the other party cannot acquire any advantage which had its origin in such fraud. *Atlantic Bank* v. *Merchants' Bank,* 10 Gray, 532. *Atlantic Cotton Mills* v. *Indian Orchard Mills,* 147 Mass. 268. *Newell* v. *Hadley,* 206 Mass. 335. *Metropolitan Trust Co.* v. *Federal Trust Co.* 232 Mass. 363. *Chapple* v. *Merchants National Bank,* 284 Mass. 122. *Munroe* v. *Harriman,* 85 Fed. (2d) 493. *Benedict* v. *Arnoux,* 154 N. Y. 715. The defrauded party is not chargeable with knowledge of the fraudulent conduct of the agent, either because it could not be expected that he would communicate such information to his principal or because in perpetrating the fraud he could not be said to be acting as agent. *Innerarity* v. *Merchants' National Bank,* 139 Mass. 332. *Atlantic Cotton Mills* v. *Indian Orchard Mills,* 147 Mass. 268. *Indian Head National Bank* v. *Clark,* 166 Mass. 27. *Grow* v. *Prudential Trust Co.* 249 Mass. 325. *J. C. Penney Co.* v. *Schulte Real Estate Co. Inc.* 292 Mass. 42. *Bowen* v. *Mount Vernon Savings Bank,* 105 Fed. (2d) 796. *Herdan* v. *Hanson,* 182 Cal. 538. *Resnik* v. *Morganstern,* 100 Conn. 38. *Title Bond & Mortgage Co.* v. *Carpenter,* 240 Mich. 319. *Harrison State Bank* v. *United States Fidelity & Guaranty Co.* 94 Mont. 100. *Nischne* v. *Firestone Tire & Rubber Co.* 116 N. J. Eq. 305. *Brooklyn Distilling Co.* v. *Standard Distilling & Distributing Co.* 193 N. Y. 551.

The statement by the attorney that, if Mrs. Stevens could not pay for the property, the plaintiff would take the

property and that would be the end of the transaction was suggestive that the instruments which the defendant was to sign were a note and a mortgage. The jury saw the defendant and heard her testify. It was for them to determine whether she ought to have gathered from such statement the true nature of the instruments or whether she was acting reasonably in relying upon his representation that their effect and purpose did not entail any liability upon her. *Whiting* v. *Price*, 172 Mass. 240. *Adams* v. *Collins*, 196 Mass. 422. *Sheffer* v. *Rudnick*, 291 Mass. 205. If the jury found that the defendant knew or ought under all the attending circumstances to have known that she was signing a promissory note, then any oral contemporaneous statement that the note should be payable only out of the collateral would not be a defence. Evidence of such a statement could have no probative effect. *Mears* v. *Smith*, 199 Mass. 319, 322. *Buckley* v. *Hacking*, 258 Mass. 525. *Dodge* v. *Bowen*, 264 Mass. 208. *Starks* v. *O'Hara*, 266 Mass. 310.

There is a distinction between signing a note knowing it to be such, although induced to do so by some fraudulent representation, and signing a note which the signer did not know was a note, on account of the fraudulent conduct of another, when he never intended to sign a note and would not have done so if he had known it was a note. Further reference to the testimony is not necessary for there was evidence, if believed, sufficient to sustain the defence of fraud, and there was no error in denying the motion to direct a verdict for the plaintiff. *Brady* v. *Finn*, 162 Mass. 260. *Lyons Burial Vault Co.* v. *Taylor*, 198 Mass. 63. *Fournier* v. *Holyoke Street Railway*, 258 Mass. 257. *Picard* v. *Allan*, 285 Mass. 15. *Barrett* v. *Conragan*, 302 Mass. 33.

We now pass to the exceptions to the admission of evidence. Evidence of the defendant's relationship to the property and to Mrs. Stevens and of the conversations of either of them with the attorney was competent on the issue, apparently raised by the defendant, whether in signing the instrument she was accommodating the plaintiff or Mrs. Stevens, *Levison* v. *Lavalle*, 243 Mass. 47; *Tanners National Bank of Woburn* v. *Dean*, 283 Mass. 151; *Salem*

*Trust Co.* v. *Deery,* 289 Mass. 431; *United Beef Co.* v. *Childs,* 306 Mass. 187, but this issue was settled in the plaintiff's favor by instructions that the defendant was acting for the accommodation of Mrs. Stevens. Neither party excepted to these instructions. Furthermore, the conversation between the attorney and the defendant at the time title was taken in her name in July, 1925, could be considered on the issue whether the defendant in December, 1925, was acting reasonably in relying upon his representations as to the nature of the instruments she was to sign. *Forman* v. *Hamilburg,* 300 Mass. 138, 141.

The statement of the attorney to the defendant as to the nature of the instruments was admissible to show fraud. It could not otherwise have been proved. *Price* v. *Rosenberg,* 200 Mass. 36, 44. *New England Foundation Co. Inc.* v. *Elliott & Watrous, Inc.* 306 Mass. 177.

There was no error in admitting the testimony of the defendant that she would not have signed the instrument if she had not relied upon the representations of the attorney. She could not sustain the defence of fraud unless she proved that she was misled by the representations upon which she relied. *Light* v. *Jacobs,* 183 Mass. 206. *Toole* v. *Crafts,* 193 Mass. 110. She could testify as to the effect they had upon her. *Commonwealth* v. *Coe,* 115 Mass. 481. *Anastas* v. *Koliopoulos,* 222 Mass. 267. *Commonwealth* v. *Carver,* 224 Mass. 42, 45. *International Trust Co.* v. *Myers,* 241 Mass. 509.

The representations made by the attorney to the defendant before she signed the note were competent on the issue of fraud even if he was acting beyond the scope of his authority. There was no error in the instructions concerning his authority. The plaintiff cannot adopt his act in accepting the note from the defendant and at the same time disavow the means by which he secured the execution and delivery of the note in its behalf. The transaction must be considered as a unit, and the plaintiff in attempting to enforce the note cannot accept the benefits and reject the burdens. *Rackemann* v. *Riverbank Improvement Co.* 167 Mass. 1. *Cambridgeport Savings Bank* v. *Boston,* 297 Mass.

309.  *Quincy Trust Co.* v. *Woodbury,* 299 Mass. 565.  *United Beef Co.* v. *Childs,* 306 Mass. 187.  *Bates* v. *Southgate,* 308 Mass. 170.

The remaining exceptions are to the refusal to give seven requests for instructions.  Six of these requests sought instructions to the effect that any alleged agreement made prior to or simultaneously with the execution of the note should be excluded under the parol evidence rule or that such an agreement would not bar recovery or because the plaintiff's attorney had no authority to make such an agreement; they were all properly denied.  In the first place, it is difficult to construe the representations of the plaintiff's attorney as agreements, and if they were not the plaintiff was not entitled to requests that were not based upon the testimony.  *Commonwealth* v. *Clark,* 292 Mass. 409, 415.  *Commonwealth* v. *Green,* 302 Mass. 547.  *First National Bank of Boston* v. *Mathey,* 308 Mass. 108.

In the next place, if we assume in favor of the plaintiff that the representations could be construed as agreements of the nature described in the requests, then the admission of these representations did not infringe upon the parol evidence rule.  The evidence was introduced not for the purpose of explaining, varying or contradicting the terms of the note, but to show that the execution of the note did not constitute an enforceable contract.  *O'Donnell* v. *Clinton,* 145 Mass. 461, 463.  *Lyons Burial Vault Co.* v. *Taylor,* 198 Mass. 63.  *Hashem* v. *Massachusetts Security Corp.* 255 Mass. 29.  *New England Foundation Co. Inc.* v. *Elliott & Watrous, Inc.* 306 Mass. 177, 181, 182.

The requests that such an agreement would not bar recovery on account of the lack of authority of its attorney to make such an agreement and that the agreement was not a fraud require no further discussion in view of what has already been said on both of these grounds.  And the same is true of the refusal to grant the remaining request, that the defendant had not sustained the burden of establishing fraud.

*Exceptions overruled.*