Parker, J.
This is an action by the payee against one of the co-makers of a promissory note given in connection with *358 the purchase of a used Dodge truck on conditional sale. The defendant filed an answer pleading: (1) general denial; (2) payment; (3). denial of signature; (4) signature to the note was obtained by fraud; (5) breach of warranty.
It was agreed between the parties that the plaintiff sold to William W. Van Deusen a used Dodge truck represented as a one and one-half ton truck for three hundred seventy-five dollars ($375.); that there was a down-payment of fifty dollars ($50.) and the plaintiff, Van Deusen and the defendant executed an alleged conditional sale contract and note for the balance of three hundred twenty-five ($325.) which, with insurance and carrying charges, amounted to three hundred eighty-eight dollars fifty cents ($388.50); that Van Dusen had paid to the plaintiff one hundred twenty-three dollars fifty cents ($123.50) on account of the note, and the balance due on the note was three hundred thirteen dollars thirty-one cents ($313.31) as of the date of the writ; that the plaintiff originally purchased the truck as a three-quarter ton Dodge truck, but that after several resales, it was listed as a one and one-half ton truck. The order signed by Van Deusen on August 16, 1938, the conditional sale contract and note admittedly signed by him and by the defendant of the same date were placed in evidence, together with the ledger card showing payments and a letter from the defendant’s attorney, dated December 5,1939, after the commencement of this action, claiming breach of warranty on behalf of the defendant.
There was evidence by the said Van Deusen that at the time he negotiated for the purchase of the truck, the agent of the plaintiff who conducted these negotiations asked him to procure a co-signer for a conditional sales contract and note; that Van Deusen replied to the effect that he could not and would not get a co-signer; that it was thereafter sug *359 gested that he procure somebody who would serve as a recommendation or credit reference.
The defendant testified that the said Van Deusen and the plaintiff’s representative called at his home and requested his signature on the paper; that he refused stating, “He was through signing notes”; that the plaintiff’s salesman was persistent and remained at his home for an hour and followed him about the rooms of his home. The defendant further testified that he read the conditional sale contract and note; that he.recalled seeing the words “promise to pay” and “$388.00”; that after discussion for one hour in which the plaintiff’s salesman told him that by signing the paper, the plaintiff was merely recommending Van Deusen and that he was not signing a note and would not be obligated therefor, he executed the same in reliance upon the said representations, placing his signature on the conditional sale contract and on the note. The defendant also testified that he was doing clerical work, “paper work only” at his employment in the General Electric Company; that he had purchased items of household furniture on conditional sale contract; that he had signed notes on several occasions at banks; that the plaintiff’s representative was a “slick salesman”; that he (defendant) would not have executed the paper had he known it was a note.
To all testimony relating to the note, the plaintiff objected and requested that said ruling be reported, but the Court allowed it “de bene” on the defendant’s contention that the defendant’s signature was obtained by fraud. After the admission of this testimony by the Court “de bene”, the plaintiff later did not move to strike it out.
There was evidence tending to show breach of warranty, but this issue was not determined by the Court.
Both the plaintiff and the defendant seasonably filed requests for rulings. The plaintiff’s first request, “Upon *360 all the evidence the plaintiff is entitled to recover,” was denied because there was contradictory evidence. The fifth request reading as follows: “Where the defendant, who is capable of reading a contract and/or a promissory note, signs the same, he is estopped from denying the purport of a document, which, on its face, clearly indicates that it is a contract and/or note,” was denied because it ignores the fact that a signature is often obtained by fraud or misrepresentation. The ninth and twelfth requests, dealing with the subject of “breach of warranty” were denied by the trial court in the following words: “The Court does not find it necessary to rule upon the question of warranty as will more fully appear.” The thirteenth and fourteenth requests, dealing with the conduct of the plaintiff’s salesman and the defendant at the defendant’s home at the time that the note and the conditional sale contract were entered into, were denied in the following language: ‘ The thirteenth is denied although it may be given if the words ‘clearly indicates’ are stricken out and there are substituted therefor the words ‘is some evidence’.”' “The fourteenth is denied ás it omits the possibility of fraud or misrepresentation.” The fifteenth request attempts to distinguish between the leading case of Boston Five Cents Savings Bank vs. Brooks, 309 Mass. 52, and the instant case to the advantage of the plaintiff. The sixteenth reads as follows: “The defendant’s testimony so clearly following the language used in the case of Boston Five Cents Savings Bank vs. Brooks, supra, warrants the court in making a finding that such testimony was an afterthought.” The trial court denied both the fifteenth and sixteenth requests. The remaining. eight requests of the plaintiff were granted.
The important questions of the instant case are two: (1) Did the plaintiff’s salesman represent to the defendant that his signature if attached to the note would be merely *361 that of one recommending the other maker of the note and did the defendant rely upon such representation? (2) Did the plaintiff or its representative warrant the used truck to be of one and one-half tons capacity, when as a matter of fact it was a three-quarter ton truck?
The Trial Justice decided the case by answering the first question in the affirmative. We think that it was a question of fact which he had to deal with, and that the evidence justified his finding. In the case of Barrett vs. Conragen, 302 Mass. 33; which is a case dealing with a signature obtained through fraud, the Supreme Court makes the following statement: “The question whether there was fraud in the obtaining of the plaintiff’s signature was one of fact.” Fournier vs. Holyoke Street Railway Co., 258 Mass. 257. In the recent leading case of Boston Five Cents Savings Bank vs. Brooks, 309 Mass. 52; the Supreme Court makes the following statement: ‘ ‘ The jury saw the defendant and heard her testify. It was for them to determine whether she ought to have gathered from such statement the true nature of the instruments or whether she was acting reasonably in relying upon his representation that their effect and purpose did not entail any liability upon her.” Sheffer vs. Rudnick, 291 Mass. 205.
In reference to the second question, the Trial Justice held that it was not necessary to pass upon the subject of warranty inasmuch as he had decided the case upon the securing of a fraudulent signature. We find nothing to criticize in the action of the Trial Justice with reference to the plaintiff’s requests for rulings, or with reference to the fraudulent signature, or with his ignoring the subject of warranty.
The Trial Justice found for the defendant.
There being no prejudicial error, the report must be dismissed.