## WILLIAM C. KARAL[1] *vs.* SOPHIE MARKEN.

Middlesex. February 7, 1956. — March 28, 1956.

Present: QUA, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Fiduciary. Fraud.*

Findings that after a brother had lent his sister money so that she might pay off a mortgage to save interest he asked her to sign an instrument which was in substance a promissory note for the amount of the loan providing for payment of six per cent compounded interest and collection charges and legal fees, stating to her that the instrument was merely an acknowledgment that he had made a loan and not a gift, and that she, having confidence in him and relying on his statement, signed the instrument without reading it, justified a finding that by reason of such conduct on his part she was not liable to him on the instrument.

CONTRACT. Writ in the District Court of Newton dated January 25, 1955.

Upon removal to the Superior Court, the action was heard by *Brogna, J.,* who found for the defendant.

*John K. Dineen,* for the plaintiff.

*S. Marvin Webber, (George Locus* with him,) for the defendant.

COUNIHAN, J. This is an action of contract which was commenced in a District Court by writ dated January 25, 1955, and upon removal to the Superior Court was tried before a judge without jury. The declaration was on "a witnessed promissory note" which reads as follows:

### LOAN

Received of William C. Karalekas the amount of One Thousand and 00/100 Dollars ($1,000.00) in cash on this 19th day of January, 1946, and we promise to pay this said amount on or within six months from the above date with 6% interest. Compounded semi-

---

[1] Also known as William C. Karalekas.

annualy [*sic*] until fully paid.   Collections Charges or legal fees to be added if forcement of payment is made
Sophie Marken [Seal]

Under oath I have witnesseth the above signature on this nineteenth Day of January 1946

Witness:

Nancy Lach

The answer was a general denial, payment, false representation, fraud, want of consideration, and that the action is barred by the six year statute of limitations.

The plaintiff filed six requests for instructions which were treated as requests for rulings.   The first request does not appear in the record but the others so far as material and the action of the judge on them are as follows: (2) "The document entitled 'Loan' is properly the subject of an action started after six years but less than twenty years from the day when payment became due."   The request was "given."   The plaintiff excepted to the denial of requests numbered 3, 4, 5, and 6, of which 3, 4, and 6 need not be considered because they were in substance denied as "inapplicable in view of facts found."   Request numbered 5 was denied.   It reads: "A person in good health who can read English who signs a short simple document in English entitled 'Loan' and bearing a seal, cannot, as a matter of law, contend that such document is void as to her because of a statement by plaintiff, her brother, that it was a receipt."

The evidence is not reported but the judge made the following "Findings of Material Facts": "The plaintiff is a brother of the defendant.   For some time prior to 1946 and up to 1949 the plaintiff and his mother lived with the defendant and her husband.   There was a very warm family atmosphere.   The defendant's husband and the plaintiff had, on occasions, made friendly, nonbusiness, loans to each other.   Some time prior to the nineteenth day of January, 1946, the defendant and her husband asked the plaintiff for

a loan of one thousand dollars to pay off a mortgage on their summer home in Falmouth in order to save the interest thereon. The plaintiff loaned them the one thousand dollars. Later the plaintiff asked the defendant to sign the paper, a copy of which is annexed to the declaration, telling her that it was in the nature of an acknowledgment that the one thousand dollars given by him to them was a loan and not a gift. The sister, relying upon this statement and placing confidence in her brother, the plaintiff, signed the paper without reading it, believing and intending to sign something in the nature of an 'we owe you' and not a promissory note. I find that when she signed the paper there was no one present and that she did not sign it in the presence of a witness or ever acknowledge her signature thereupon to anyone. I find and rule that she is not liable on the note."

We assume, without deciding, that G. L. (Ter. Ed.) c. 260, § 1 (the twenty year statute of limitations), applies to this instrument for it appears to be under seal. In view, however, of the findings of facts by the judge his action in allowing request numbered 2 becomes immaterial.

The question for us to determine is whether the judge's finding that the defendant is not liable on this instrument is inconsistent with his subsidiary findings. We are of opinion that we have no basis for saying that this finding was unwarranted. While there is no express finding of a fiduciary relationship between the parties we think that "The duty of honest advice and full disclosure arises where one party reposes confidence in the integrity of another and the other party in advising voluntarily assumes and accepts the confidence." *Reed* v. *A. E. Little Co.* 256 Mass. 442, 448–449. *Akin* v. *Warner*, 318 Mass. 669, 674. The subsidiary finding of the judge that the "plaintiff asked the defendant to sign the paper . . . telling her that it was in the nature of an acknowledgment that the one thousand dollars given by him to them was a loan and not a gift" is tantamount to a finding that there was a breach of the confidence which the defendant reposed in her brother and of which he took ad-

vantage.  This statement which the judge found was made by the plaintiff could be found to have been an inadequate description of the instrument and to have created a false impression of its contents.  This is emphasized by the finding of the judge that the loan was made to pay off a mortgage loan to save interest while the instrument declared upon bore interest at six per cent compounded semiannually and in addition in certain circumstances collection charges and legal fees were to be added.  See *Shaw* v. *Victoria Coach Line, Inc.* 314 Mass. 262, 267.  *Boston Five Cents Savings Bank* v. *Brooks,* 309 Mass. 52, 57.  The fifth request of the plaintiff was correctly denied.

*Exceptions overruled.*