JEANETTE C. JOSEPH *vs.* MERCY A. TATA.

Worcester. September 22, 1959. — October 30, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Release. Fraud. Practice, Civil,* Requests, rulings and instructions. *Evidence,* Relevancy and materiality.

In an action for personal injuries sustained by the plaintiff in a collision while riding in an automobile owned by another, evidence that a representative of an insurance company called upon the plaintiff and stated to her that he was there "only . . . to take care of" the damage to the automobile, that she would have to sign a paper for that purpose, and that any personal injuries would be "taken care of later"; that about a month later, without any further representations, the plaintiff received in the mail a general release of the defendant in consideration of a small sum and a check for that sum marked "In full settlement of any and all claims"; and that she signed and delivered the release and indorsed the check in reliance on the representative's statements warranted a finding that the release and her indorsement of the check were procured by fraud and did not terminate her cause of action. [602]

There was no error at the trial of an action in the refusal of requests for instructions which were covered in substance by the judge's charge, or of a request which, if abstractly correct, was irrelevant to the issue involved, or of a request respecting which, if there was any inadequacy in the charge in dealing with its subject matter, the requesting party did not direct the judge's attention to the inadequacy. [603–604]

On the issue in an action whether a general release of the defendant by the plaintiff and her indorsement of a check marked "In full settlement of any and all claims" were ineffective as having been procured by misrepresentations by an agent of the defendant's insurer, it was competent for the plaintiff to testify that she believed the misrepresentations and signed the release and indorsed the check in reliance thereon. [604]

TORT. Writ in the Superior Court dated August 10, 1954.

The action was tried before *Dewing,* J.

*Paul L. Hinckley,* (*Stanley B. Milton* with him,) for the defendant.

*Max L. Rubin,* (*Thomas M. Dooling* with him,) for the plaintiff.

WILKINS, C.J. On February 26, 1954, the plaintiff was a passenger in an automobile operated by her brother, Joseph

Joseph, and owned by her sister, Laila Joseph, which was struck while stopped for traffic on Main Street, Fitchburg, by an automobile operated by the defendant. In this action of tort for personal injuries there was a verdict for the plaintiff. The defendant's exceptions are to rulings on evidence, to the refusal to grant her requests for instructions, and to the denial of her motion for a directed verdict. There was evidence of the defendant's negligence and of the exercise of proper care by the plaintiff. The underlying question is whether the plaintiff has validly released her cause of action.

The jury could have found these facts: On or about March 16, 1954, one Donoghue, a representative of Great American Indemnity Company, had a conversation with the plaintiff and her brother at their home. Donoghue told the plaintiff that he was there only for the damage to the automobile; and that any personal injury would be taken care of later should she see a doctor. She told Donoghue that she had injured her back but had not yet seen a doctor. Donoghue told her that there would be a paper in the mail, and that she would have to sign so that the insurance company could take care of the damage to the automobile. She told Donoghue that if this was anything to do with her injury, she would not sign any papers. Donoghue replied, "Don't worry. I'm only here to take care of the damage of the car. Any injuries will be taken care of later on." On or about April 12 the plaintiff received through the mail a general release running to the defendant in consideration of $25.45. The plaintiff and her brother[1] signed and returned it to the insurance company. On or about April 15, she received through the mail a check of the insurance company for $25.45 which she and her brother indorsed and cashed. She signed in reliance on Donoghue's words. The check bore the words "In full settlement of any and all claims in the above mentioned case."[2] On April 24 the plaintiff first saw a doctor, and first made claim for personal injuries.

[1] Although the owner of the automobile was the plaintiff's sister, the latter was not mentioned in the release or in the check.

[2] The check gave the defendant as the "assured" and the "injured" as the plaintiff's brother.

1. The defendant's motion for a directed verdict was rightly denied. It was open to the jury to find that the insurance company's representative made a statement to the effect that the only settlement being negotiated related to property damage, and that this statement was still operative at the time that the release was signed and at the time that the check was cashed. It could not have been ruled as matter of law that the conversation on or about March 16 had ceased to serve as a ground for reliance on April 12 and 15. *Reeve* v. *Dennett,* 145 Mass. 23, 29. *Boston Five Cents Sav. Bank* v. *Brooks,* 309 Mass. 52, 58. 23 Am. Jur., Fraud and Deceit, § 148. The judge was not required to rule that the absence of further representations on April 12 and 15 was fatal to the plaintiff's case. If it be conceded that the plaintiff was free to sign or not to sign, it was entirely consistent for the jury to find that in signing the plaintiff acted because of the statement that the settlement was confined to damage to the automobile and did not embrace personal injuries. This would be true notwithstanding that it would require only a glance at the release and the check to see that such a statement, if made, was not true. Apart from the plaintiff's express testimony that she relied upon such a representation, the jury would have been warranted in making such a finding without it. *Schleifer* v. *Worcester No. Sav. Inst.* 306 Mass. 226, 227–228. *Golding* v. *108 Longwood Ave. Inc.* 325 Mass. 465, 467.

Much of the defendant's argument does not meet the case presented by the evidence. It is undoubtedly the general rule that, in the absence of fraud, one who signs a written agreement is bound by its terms whether he reads and understands it or not or whether he can read or not. See *Cohen* v. *Santoianni,* 330 Mass. 187, 193, and cases cited. But here there was evidence of fraud. See *Connors* v. *Richards,* 230 Mass. 436, 438–439. The plaintiff does not contend, and is not obliged to contend, that a misrepresentation once made operates indefinitely. The case is not founded on unilateral mistake. Compare *Squires* v. *Amherst,* 145 Mass. 192, 194.

The defendant relies heavily upon *Nutt* v. *Aldrich,* 267

Mass. 193. In so far as that case contains any intimation that false representations, relied upon at the time of signing, will not avoid a release if the signer nevertheless should have known the nature of the writing, it is not followed.

2. There was no error in the treatment of the defendant's requests.

Request numbered 3, "Release cannot be avoided because injuries proved to be more serious," was given in substance. See *Tewksbury* v. *Fellsway Laundry, Inc.* 319 Mass. 386, 388.

Request numbered 4, "Release may be avoided only for fraud and concealment," was covered adequately. The defendant seeks to point out an alleged inconsistency in the charge, to which, however, no exception was taken. This point is not now open to her.

Request numbered 5, "A release is a written agreement and cannot be modified by an oral agreement," if abstractly correct, was not a relevant rule of law. There was no question under the parol evidence rule. The issue was fraud rendering the release unenforceable. *Boston Five Cents Sav. Bank* v. *Brooks*, 309 Mass. 52, 59.

The sixth request was, "In order to avoid a release the statements made must be material statements, known to be false and made for the purpose of inducing the plaintiff and did induce her in reliance thereon to execute the release." The judge charged the jury, "The fraud or misrepresentation relied upon must have operated to cause her to make the contract — execute the release, or have been intended to influence her action in this particular complaint." It is now objected that the judge did not use the word "material," and it is even suggested that the jury might have found that the insurance company representative made a false statement when he said that the company did not feel the defendant was to blame for the accident. This seems an artificial issue, and one not involved in the trial. The issue presented by the testimony was whether the settlement was confined to property damage. If the defendant intended to rely upon such a farfetched matter, it was her duty to bring

it to the judge's attention, which she did not do. In fact, she took no exceptions at all to the charge.

3. There likewise was no error in the rulings on evidence. The testimony of the plaintiff and her brother as to their conversations with the insurance company representative in March was not objectionable as being too remote upon the issue of fraud. This subject is covered by what we have hereinbefore said.

It was competent for the plaintiff to testify that she believed the insurance company representative and signed the release and check in reliance upon what he had said. *Brown* v. *Pease,* 104 Mass. 291, 308–309. *Boston Five Cents Sav. Bank* v. *Brooks,* 309 Mass. 52, 58.

In cross-examination the plaintiff testified that she had written a letter to the insurance company in May, 1954. When asked "And then you said in that letter that you did not believe you had any serious injuries, isn't that right?" she made no response. She was again asked, "Didn't you write that letter?" The judge then said, "Yes. I'll permit you to ask the question if you will agree that you will produce such a letter." The record thereupon contains the following: "The defendant duly and seasonably saved her exceptions to the refusal of the court to allow the plaintiff to answer the question relative to whether or not she wrote a letter to the Great American." But the plaintiff had already answered that she had written the letter. No further question was put. We do not reach the questions discussed in *McGeorge* v. *Grand Realty Trust, Inc.* 316 Mass. 373, 375–377. No error appears.

*Exceptions overruled.*